MASTERS *v.* THE CINCINNATI TRACTION CO.

*Negligence—Collision of street car and vehicle—Evidence— Greater safety by using another street—Error not cured by charge to jury, when—Municipal traffic ordinance construed —Duty of vehicles upon street car tracks—General verdict upon several issues—Reversal for error in submitting one issue.*

1. In an action for damages resulting from a collision between plaintiff's wagon and a street car, the introduction of evidence that plaintiff knew there was a street which was parallel to and a short distance from the one on which the collision occurred, and that it was better paved and had no car track on it and led to the same destination, is prejudicial error in the absence of evidence showing a physical defect or obstruction in the street on which the collision occurred, or that plaintiff's horses were such as would become frightened at a street car, or in the absence of other similar circumstance showing negligence on the part of plaintiff in not taking a safer way.

2. Such error is not cured by the court's charge to the jury that plaintiff and defendant had equal rights upon the street where the accident occurred.

3. A judgment rendered on a general verdict for defendant "on the issues joined in the case" will be reversed where there is prejudicial error in the submission of one of the issues and the verdict as rendered could not be a finding for defendant on all of the issues.

4. A city ordinance providing that "the driver or person in con-

trol of any vehicle proceeding upon the track in front of a street car shall immediately turn out on signal from the motorman or person in control of such car" means a driver must turn out when he has a reasonable opportunity to do so.

(Decided January 3, 1922.)

Error: Court of Appeals for Hamilton county.

Mr. Simeon M. Johnson and Mr. Thomas M. Gregory, for plaintiff in error.

Mr. Leo J. Brumleve, Jr., for defendant in error.

Buchwalter, J. Plaintiff in error, Thomas C. Masters, brought an action to recover damages for personal injuries and injury to property, alleged to have been sustained in a collision between his wagon and a street car of the defendant company.

It appears that plaintiff was driving a two-horse wagon eastwardly toward Cincinnati on the south side of Liston avenue, on the east-bound track of the defendant company. The track at this point was located on the extreme southern side of Liston avenue, so that there was not sufficient room for a vehicle to be driven to the south of the tracks, to allow an east-bound car to pass, and a heavy fog made it impossible for any one to see more than a short distance.

While plaintiff was driving on this east-bound track, a car of the defendant company, on the same track, and going in the same direction, approached from the rear. The motorman rang the gong, signalling for the plaintiff to turn out, as provided by an ordinance of the city of Cincinnati. Plaintiff turned to the left, going onto the northerly track, and directly in front of a west-bound car. Before plaintiff could cross that track to the northerly por-

tion of the avenue, on which there were no tracks, or return to the east-bound track, his wagon was struck by the west-bound car, causing the injuries complained of.

During cross-examination of plaintiff, the defendant introduced evidence that to plaintiff's knowledge there was a highway known as Hillside avenue, which was parallel to and located a short distance north of Liston avenue, and that it was better paved, had no street cars on it, and led to the same destination.

This evidence was not objected to at the time of introduction, but later counsel for plaintiff moved that it be excluded. This motion was overruled by the court, and an exception noted.

The admission of this evidence and the giving and refusal to give certain special charges are the only errors complained of.

The admission of evidence as to Hillside avenue could only be proper when there is a question as to whether or not there was negligence in failing to take a safer way than the one chosen.

All of the cases cited are to the effect that evidence as to choice of a safer way is only admissible when there is a physical obstruction in or on the way, defects in the way itself, or where there is a known trait or vice in a horse to take fright at a car, and so forth.

In the instant case there was nothing to show an obstruction or defect in the way, or that the horses were such as would become frightened, or that there was any other circumstance which would warrant the submission of this testimony to the jury.

This testimony, improperly permitted to stand, was prejudicial to the plaintiff in error.

Defendant claims that this error was cured by the general charge and a special charge wherein it was stated that plaintiff and defendant had equal rights upon Liston avenue. We do not, however, consider that it was so cured, because while plaintiff did have an equal right to use the avenue, the jury might well consider that there was negligence on the part of plaintiff in not taking the other road.

It is further contended that as there was a general verdict for defendant "on the issues joined in the case," this testimony, if erroneously admitted, could only be considered as to one issue, to-wit: plaintiff's sole negligence, and that, therefore, the judgment should stand because the jury by its general verdict must have found that the defendant was not negligent.

A number of authorities are cited to sustain this claim, the most recent one being the case of *Niemes* v. *Niemes*, 97 Ohio St., 145, 149:

"This well-known rule of law is that where, upon the issues made by several defenses to a claim sued upon, a general verdict is found for the defendant, it not being disclosed by answers to interrogatories or otherwise upon which issue the verdict was based, and the record disclosing no error touching either the presentation or submission of at least one of such issues, a finding upon which in favor of the prevailing party would justify a general judgment, which is rendered, error of the trial court in the submission of other issues will be disregarded."

This rule has been applied where "distinct issues are submitted to a jury arising upon distinct defenses." (*Beecher* v. *Dunlap*, 52 Ohio St., 64.) The court in that case, after finding error in the introduction of certain evidence, stated that the defend-

ant may have been entitled to judgment upon one or all of the other defenses.

In this case there are three issues:

1. That defendant's negligence was the sole cause of the injury.

2. That plaintiff's injury was the result of his own negligence.

3. That the negligence of plaintiff combined with that of defendant in causing the injury.

The first two issues are made by the pleadings, the last issue is made by the evidence.

A general verdict for the defendant on the issues joined could not be a finding for defendant on all of the issues.

A finding for the defendant on the third issue would preclude a finding that the injury was the result of plaintiff's sole negligence.

The testimony as to Hillside avenue would affect at least two issues in the case, to-wit, sole negligence of plaintiff and contributory negligence. Further, if the jury found that defendant was negligent, it would immediately proceed to determine whether the negligence of plaintiff contributed to the injury. The jury may have found that defendant was not negligent, but there is no means by which the court can determine this, for if defendant was found to be negligent the jury might return a verdict for defendant on the issue of contributory negligence. In this way all issues in the case might be influenced or determined by the evidence objected to.

We, therefore, hold that the rule laid down in *Niemes* v. *Niemes, supra,* has no application where issues such as here presented are involved.

The remaining assignment of error is the special charge given in reference to the city ordinance.

The section of the ordinance is as follows:

"Street cars shall have the right of way between cross roads and cross streets over all vehicles, and the driver or person in control of any vehicle proceeding upon the track in front of a street car shall immediately turn out on signal from the motorman or person in control of such street car."

At the request of defendant the court gave the following special charge:

"The court charges you that a driver of a vehicle proceeding upon a track in front of the street car in compliance with Sec. 680-4 Part 4 of the Ordinances of the city of Cincinnati, is required to turn out of such track immediately upon signal from the motorman in charge of such car, only when by the exercise of ordinary care he can safely do so."

Plaintiff in error contends that the ordinance means to turn out immediately no matter what are the conditions or circumstances, and cites many cases wherein statutes are construed which require an automobile driver to immediately stop when a horse becomes frightened. In such cases the duty is mandatory. Not only in these cases is the driver of the automobile to use reasonable care for the safety of others, but he must do what the statutes require when the conditions therein referred to arise.

There are many conditions and circumstances in driving through traffic, however, where it is impossible for the driver of a vehicle to immediately turn out. The ordinance must be construed by the court, and in a reasonable manner. It means, a driver must turn out when he has a reasonable opportunity to do so. In the cases which refer to stopping of automobiles under certain conditions, such provi-

sions of the statutes are reasonable, but many conditions and circumstances may arise where it is impossible or unsafe to immediately turn out. By immediately it means without delay under the circumstances and conditions then present. To hold otherwise would be to make the ordinance unreasonable and invalid. It is an ordinance passed for the purpose of preventing unnecessary delay in the operation of street cars, but it cannot be construed to mean that a street car has such a superior right over that portion of the public street as to compel a person in a vehicle to turn out at his peril under any and all conditions.

The test is ordinary care, and ordinary care is what a prudent and reasonable man would do under similar circumstances to protect his own safety as well as that of others.

The charge provides that he shall use ordinary care for his safety. This charge as given was not in our opinion prejudicial to the plaintiff in error.

Because of the error in overruling the motion to strike out the testimony as to Hillside avenue, the judgment of the superior court will be reversed, and the cause remanded for a new trial.

*Judgment reversed, and cause remanded.*

HAMILTON, P. J., and CUSHING, J., concur.