Marshall, C. J.
 

 The Court of Appeals reversed the judgment of the trial court for prejudicial errors found by that court to exist in the charge to the jury. The first of these was the following instruction:
 

 “That is, if you should find the defendant guilty
 
 *502
 
 of some of the material acts of negligence charged in the petition, and also find the plaintiff’s decedent casually shared with the defendant or participated with the defendant in producing* injuries complained of, the plaintiff cannot recover.”
 

 In fairness to the; trial judge, it should be stated that the above-quoted language followed a very proper instruction upon the subject of contributory negligence. If the above-quoted language had been omitted entirely, no fault could have been found with that portion of the charge. It is therefore urged by counsel for the defendant that, the jury having already been properly instructed upon the elements of contributory negligence, that language could not have misled the jury to the prejudice of the plaintiff. "We must keep in mind that the issue of contributory negligence was not made by the pleadings. The court was only justified in charging upon that subject because of certain evidence introduced, which brings the case within the principies declared in
 
 Rayland Coal Co.
 
 v.
 
 McFadden, Adm’r.,
 
 90 Ohio St., 183, 107 N. E., 330. No special request was made for an instruction on the subject of contributory negligence, and, the same not having been made an issue in the pleadings, the court should have exercised unusual caution in instructing the jury upon the evidence introduced. Clearly the word “casually” has no place in any instruction upon the subject of negligence or contributory negligence, unless it be employed as indicating that casual acts create no liability. A careful analysis of the language objected to, and which was one of the bases of the court’s reversal, shows that the
 
 *503
 
 defendant conld only be held responsible if guilty of negligence, and that, on the other hand, the plaintiff could not recover if the decedent committed any casual acts tending to produce the injury complained of, even though the same were not in any sense negligent. Having already given a correct instruction on the subject of contributory negligence, the added language above quoted might easily have caused the jury to understand that any casual acts on the part of the decedent, even in the exercise of ordinary care, contributing to the injury complained of, would preclude a recovery. The Court of Appeals did not err in holding that instruction to be erroneous and prejudicial.
 

 The other instruction found by the Court of Appeals to be erroneous and prejudicial was the following:
 

 “The court instructs you that if you find from the evidence that the automobile, which was being operated at the time by said Elmer Rutter, was not struck by the car of the defendant, the Scioto Valley Traction Company, at said crossing, but that said automobile was so carelessly and negligently operated that it ran into and struck the side of said traction car, there can be no recovery by plaintiff and your verdict must be for the defendant.”
 

 There was evidence introduced tending to show that the automobile struck the side of the traction car, and there was other evidence tending to show that the automobile was on the track in front of the traction oar at the time of the collision. We do' not have the arguments of counsel in the record,
 
 *504
 
 but it may be assumed that able counsel did not fail to make the most of the evidence tending to show that the automobile struck the side of the traction car. Such evidence is a most effective defensive weapon, and though many situations can easily be imagined whereby the collision of the automobile with the side of the traction car would not be negligent, the situation is one which is very difficult to explain on the part of the driver of the automobile. It is therefore especially important that any instruction upon such evidence be free from any indication that the mere fact that the automobile came in contact with the side of the traction car would constitute contributory negligence.
 

 Whether or not this instruction is erroneous and prejudicial depends upon an interpretation of the language used. If the jury understood that a finding that the automobile ran into and struck the side of the traction car would constitute carelessness and negligence, regardless of the speed of the respective vehicles, and if they further understood from that instruction that such a collision would be inconsistent with ordinary care on the part of the plaintiff, in such event the instruction has resulted in prejudice to the plaintiff. A majority of the court, are of the opinion that this instruction is entirely capable of such an interpretation and that therefore the instruction was reversible error.
 

 It is argued, on the other hand, by counsel for the defendant, that this relates entirely to the subject of contributory negligence, and that it has not been shown that any error was committed
 
 *505
 
 during the trial upon the subject of the defendant’s negligence, and that the jury may have reached their verdict on the theory that the defendant was not guilty of any negligence. No interrogatories were filed, and it is therefore claimed that the case comes within the well-known principle of
 
 Sites
 
 v.
 
 Haverstick,
 
 '23* Ohio St., 626. We are of the opinion that this rule cannot apply, because this instruction related to the claimed negligence of the defendant as well as to the claimed negligence of plaintiff’s decedent. The fact that the automobile ran into the side of the traction car, if such was the fact, was so closely related to and so inseparably connected with the acts of both parties, that it necessarily relates to both issues, and under such circumstances it is impossible to conceive of any interrogatory or interrogatories which would have made it entirely clear that this erroneous instruction only misled the jury upon the subject of contributory negligence.
 

 The Court of Appeals therefore rightfully reversed the judgment for error in both instructions.
 

 Its judgment must therefore be affirmed.
 

 Judgment affirmed.
 

 Matthias, Allen and Robinson, JJ., concur.