## REMIX v. SISLER.

*Negligence—Approaching automobile caused collision in pass-
ing car ahead—Charge to jury—Passing car to travel on
unpaved portion of roadway—General verdict returned
upon several issues, without special findings—Judgment
not reversed if one issue properly submitted, when.*

1. Where defendant's automobile attempted to pass automobile
ahead and struck front fender thereof and caused injury
to guest in leading automobile, paved portion of road be-
ing 14 feet wide, charge that defendant, while passing car
ahead on giving signal, was not required to travel on
portion of dirt road along the pavement, *held* error.
2. Where there are one or more issues and jury returns general
verdict without special findings, and a finding on any one
of issues for successful party entitles him to general ver-
dict, and record discloses no error as to one issue, judg-
ment will not be reversed for error as to other issues.
3. In suit by guest for personal injury growing out of an
automobile collision, where there were issues as to de-
fendant's negligence, proximate cause of injury and con-
tributory negligence of plaintiff, and where the jury
returned a general verdict for the defendant without
special findings, error in charging that defendant, in pass-
ing automobile ahead, need not travel on the portion of the
dirt road along the pavement, held not to require re-
versal.

(Decided March 23, 1926.)

ERROR: Court of Appeals for Summit county.

*Mr. C. G. Roetzel,* for plaintiff in error.
*Messrs. Musser, Kimber & Huffman,* for defend-
ant in error.

WILLIAMS, J.    The plaintiff below, Elizabeth
Remix, brought an action against the defendant

below, Louis E. Sisler, in the court of common pleas of this county, to recover damages which she claims to have sustained through an injury resulting from a collision between the automobile of the defendant and an automobile in which she was riding as a guest of the driver. Upon trial of the issues in the common pleas court the jury returned a verdict in favor of the defendant. Thereupon the plaintiff brought this proceeding in error to reverse the judgment entered upon such verdict.

Briefly stated, the facts show that the plaintiff was riding as a guest in the touring car of one Savage, which was being driven along the Arlington-East Liberty road toward the city of Akron. The car in which the defendant was riding was being driven by his son, in the same direction, and the car of the defendant as it attempted to pass that in which the plaintiff was riding struck the front left fender of plaintiff's car, which, after going about two rods, ran into the ditch.

Plaintiff in error claims that the trial court erred in giving defendant's request to charge No. 3, which reads as follows:

"The paved portion of the highway at the place of this occurrence being 14 feet in width, I say to you as a matter of law that the defendant, Dr. Sisler, while passing the car in which plaintiff was riding, on giving a signal of his intention to so pass said car, was not required to travel upon or go upon any portion of the dirt road along said pavement."

We are of the opinion that the request so given was not a correct statement of the law. It is true that in Elms v. Flick, 100 Ohio St., 186, 126 N. E.,

66, the court construes the term "road," as used in Section 6310, General Code, to mean the improved portion thereof, where sufficiently wide to permit the passing of automobiles with safety. The language of the request, however, goes beyond the rule laid down in that case, and the jury might well have inferred from the request as given that the defendant's car had a right to pass the other one upon the paved portion of the highway even though in doing so he negligently collided with the other car. As to whether the language so employed was misleading, when read in connection with the other requests given and the general charge of the court, is a question which we feel we are not called upon to determine.

The rule is well settled in Ohio that where there are two or more issues in a case, and the jury return a general verdict thereon without making any special findings, and a finding upon any one of the issues in favor of the successful party entitles him to such general verdict, and the record discloses no error whatever as to one issue, the judgment will not be reversed for error which relates exclusively to one or more of the other issues. *Sites* v. *Haverstick,* 23 Ohio St., 626; *Beecher* v. *Dunlap,* 52 Ohio St., 64, 38 N. E., 795; *McAllister* v. *Hartzell,* 60 Ohio St., 69, 53 N. E., 715; *State ex rel. Lattanner* v. *Hills,* 94 Ohio St., 171, 172, 113 N. E., 1045, L. R. A., 1917B, 684; *Jones* v. *Erie Rd. Co.,* 106 Ohio St., 408, 140 N. E., 366; *Ochsner, Admr.,* v. *Cin. Traction Co.,* 107 Ohio St., 33, 140 N. E., 644.

There were at least three issues in the case: First, the question whether or not the defendant was guilty of negligence; second, the question whether the negligence of the defendant, if any,

was the direct and proximate cause of the injury to plaintiff; and, third, the question of the contributory negligence of the plaintiff. A finding of any one of these issues in favor of the defendant would justify a verdict in his favor. It was only necessary for the jury to find one of these issues in favor of the defendant to entitle him to a general verdict in his favor. Defendant's request No. 3, above quoted, had application only to the negligence of the defendant, and the record discloses that the other issues were entirely free from prejudicial error. The jury having returned a general verdict in this case, without making any special findings, the rule above quoted is clearly applicable. Under the state of facts disclosed by the record, the rule laid down in *Scioto Valley Ry. & Power Co.* v. *Rutter, Adm'x.,* 112 Ohio St., 500, 147 N. E., 910, decided by the Supreme Court on May 19, 1925, has no application to the instant case.

While we find that some of the instructions given by the trial court to the jury are subject to criticism, we are of the opinion that the trial court in that respect committed no prejudicial error. An examination of the record discloses that the verdict was not manifestly against the weight of the evidence and that the judgment entered thereon resulted in substantial justice between the parties.

*Judgment affirmed.*

RICHARDS, P. J., and YOUNG, J., concur.

Judges of the Sixth Appellate District, sitting in place of Judges PARDEE, WASHBURN and FUNK, of the Ninth Appellate District.