COLUMBUS RY. P. & L. CO. v. PICKLES

Ohio Appeals, 2d Dist., Franklin Co.

No. 1480.          Decided Dec. 3, 1926.

Judge Williams, 6th Dist., Sitting in place of Judge Kunkle.

829. NEGLIGENCE—Automobiles—Where automobile of plaintiff is stalled in the car tracks of railway company, which is not in a place of total darkness, and plaintiff has no knowledge that tail light is not burning while endeavoring to get his machine off the track, when railway car approached, plaintiff has a right to assume, until in the exercise of ordinary care he had knowledge to the contrary, that the motorman of the electric car would not wrongfully run into him.

**First Publication of this Opinion**

WILLIAMS, J.

Judgment was recovered against the Columbus Railway Light & Power Co. in the Franklin Common Pleas by Arthur Pickles by reason of injuries sustained to person and property while Pickles' automobile was standing on the tracks of the defendant company.

It seems that while Pickles was traveling in his car on a street in the city of Columbus, about 7:15 P. M. on Nov. 8, 1924, his starter became locked. He had turned into the tracks to pass another machine. After several attempts to start his car and while he was endeavoring to push the starter, the car of the company struck him, causing the injuries complained of. The motorman claimed that he did not see the stalled automobile until he was within 20 feet of it and that he was unable to stop in time to prevent the collision. Some evidence tended to show that there was no lights on the front or rear of Pickles' machine, but that there was a street light nearby so that there was sufficien light to see the stalled auto two or three street car lengths away.

On error proceedings the company claimed that the damages were excessive, that the verdict is manifestly against the weight of the evidence, and that an inference of Pickles' negligence arises from the evidence adduced by him, and that such inference was not rebutted. The Court of Appeals held:—

1. The inference arises that the motorman was negligent in not applying his brakes sooner than he did; and if he could not discern an object ahead on the track which was unlighted, more than 20 feet ahead, then he should have proceede with more caution.

2. Shortly before Pickles' car stalled, the tail-light on his automobile was lighted.

3. Under 6310-1 GC. it is unlawful to have upon the highway an automobile without a tail light, and under the law of Ohio, such violation of the statute be negligence per se. Schell v. Du Bois, 94 OS. 93.

4. Even though plaintiff was guilty of negligence per se by reason of the violation of the statute, it would not follow that he was barred of recovery, unless such negligence were the sole, direct and proximate cause of his injury, or his negligence and that of the defendant company were together the direct and proximate cause, of and directly contributed to produce his injuries.

5. The rule is settled in Ohio that the question of proximate cause is usually a mixed question of law and fact to be determined by the jury under the instructions of the court, although where controlling facts are undisputed, it may be a question of law for the court. Davis v. Insurance Co., 112 OS. 543,551.

6. The instant case is distinguished from that of the Railway Co. v. Nicholson, 11 OA. 424, which was cited, in that Pickles, without knowing the tail light was not burning, got into the automobile, which was not in a place of total darkness, for the purpose of getting off the track and was doing his best to do so when the street car approached, and he had a right to assume, until in the exercise of ordinary care, he had knowledge to the contrary, that the motorman of the electric car would not wrongfully run into him.

Judgment affirmed.

(Allread J., concurs; Ferneding, J., dissents.)

Attorneys—Johnson, Sharp & Toland for Company; Payne & Snyder for Pickles; all of Cleveland.