## SHARP *v.* RUSSELL.

(Decided September 23, 1930.)

*Messrs. Sharp & Toland,* for plaintiff in error.
*Messrs. Vorys, Sater, Seymour & Pease,* for defendant in error.

SHERICK, J. The plaintiff in error, Fred W. Sharp, who was the plaintiff below, seeks a reversal of the verdict and the judgment rendered thereon against him in the trial court.

In October of 1926, the plaintiff, followed by the defendant, was proceeding north on the Lancaster-Logan road, in their respective automobiles. It appears that for some reason the plaintiff stopped his car, and the defendant ran into it. The damage to both cars, if any, was very slight.

The plaintiff avers that his car was brought to a stop on the east berm of the road, entirely off the paved portion of the highway, and that by reason of the defendant's excessive speed and negligent operation of his car the collision was occasioned. On the other hand, it is alleged by the defendant that the plaintiff wrongfully brought his automobile to a sudden stop on the paved portion of the highway, without first, or at any time, signalling the defendant of his intention so to do; that the day was wet and the

roadway slippery, and that another vehicle was approaching the plaintiff's car from the north. Defendant further alleged that the brakes on his own car were in good working order, but that he was unable to stop or avoid the collision, which was caused by the sole fault of plaintiff. A second defense was a general denial; a third, that the plaintiff had stopped his car with all four wheels on the paved portion of the highway. The evidence presents a further issue, that of contributory negligence.

By reason of the collision it is claimed that the plaintiff was thrown forward on the steering wheel, and that the shock thereof detached the retina from the left eyeball, and total blindness resulted. It appears that in 1921 the plaintiff had a one-half normal vision of the left eye, and at that time the right eye was impaired, and that in 1925 the plaintiff had lost the sight of his right eye by detachment of the retina. The plaintiff sustained no other injury.

There was creditable testimony offered and received in evidence to support the issues made by the parties, which this court has carefully examined, and we are brought to the conclusion that the judgment is not contrary to the weight of the evidence, but is sustained thereby. It is not the province of this court to substitute its judgment for that of the jury, which saw and heard the witnesses. It is therefore the opinion of this court that there is no merit in this contention of the plaintiff.

A more serious error is predicated upon the claim that the trial court erred in giving to the jury before argument, at the instance of the defendant, three special requests. They are as follows:

"(1) The Court instructs you that the mere hap-

pening of an accident does not entitle any one to damages; regardless of the sympathy you may have for the plaintiff, you must find that any impairment of vision for which he claims damages was the direct result of the accident in this case, and that the accident was the direct result of the negligence of the defendant, and that no act or omission of the plaintiff contributed in any way to cause the accident before you can find for the plaintiff, and unless you so find your verdict should be for the defendant.

''(2)   The Court instructs you that the law of Ohio provides that drivers of vehicles, before stopping, shall make sure such movement can be made in safety and shall cause signals to be made of their intention, in a way visible outside the vehicle; you are further instructed that violation of this law is negligence in and of itself, and if you find that the plaintiff violated this law and that such violation contributed in any way to the collision involved in this case, then your verdict should be for the defendant, even though you should find that the defendant also was negligent.

''(3)   The law of Ohio provides that no vehicle shall stop on any road or highway except with front and rear right wheels within one foot of the right hand side of the improved portion of the road, nor in any such way as to obstruct a free passage of the road.  If you find that the plaintiff violated this law, and that such violation contributed in any way to cause the collision involved in this case, then your verdict must be for the defendant, even though the defendant was negligent.''

It is said by the defendant in error that these special requests are based upon the language ap-

proved by the Supreme Court in the cases of *Schell v. Du Bois, Admr.*, 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710, and *Chesrown* v. *Bevier,* 101 Ohio St., 282, 128 N. E., 94, and are therefore correct in legal parlance.

It is manifest that under these three instructions the jury were told that any act or omission on the part of the plaintiff, which contributed in any way to cause the accident, would bar recovery, regardless of whether his act, or omission on his part, directly contributed in any way to cause the accident, and regardless of whether or not his act or omission was a negligent one.

A careful examination of the two cases relied upon convinces this court that counsel for defendant have incorrectly interpreted the holding of the court in these cases. In the *DuBois case,* at page 107 of 94 Ohio State, 113 N. E., 664, 668, the court says: "That the violation of the duty be the proximate cause of the injury;" and, in the *Chesrown case* at page 284 of 101 Ohio State, 128 N. E., 94, "That plaintiff's own negligence directly contributed in the slightest degree." We think that it has always been the law of this state that contributory negligence, in order to bar recovery, must directly contribute to produce the injury.

The defendant in these requests rightly imposes the rule upon the plaintiff that before he (the defendant) may be held liable, it must be shown that his act or omission in violation of a statute, was the direct and proximate cause of the injury. And in fairness and justice it must and does follow that the violation of another statute by the plaintiff must be shown in order to bar recovery on the theory of con-

tributory negligence; that is, that plaintiff's act or omission must have directly contributed to his injury.

The special charges as given are open to another serious objection, in that the jury were told that any act or omission on the part of the plaintiff which contributed in any way to cause the accident would bar his recovery. This surely should have been limited to any unlawful or negligent act or omission of the plaintiff. One has a right to do a lawful act. Surely Sharp had a right to drive his car on the public highway. That of itself was not unlawful or negligence, yet remotely or indirectly it is no doubt true that the act of the plaintiff in being on the road in a way contributed to his injury. Had he not been there he would not have been injured.

In these respects it is the view of this court that these requests did not correctly state the law, and that the jury were misled thereby, and that the giving of them was prejudicial error.

The plaintiff maintains that requests 2 and 3 are erroneous for another reason, in that Section 6310-22, General Code, and Section 6310-27, General Code, are simply rules of conduct, and the rule of *per se* negligence is not applicable. We find no merit in this contention. These statutes have placed a mandatory duty on all persons who drive a motor vehicle upon the public highways of this state. And unless it be an emergency, one has no more right to stop his car suddenly, and without some form of signal, on the improved portion of a public highway, than he has to drive at an excessive speed, or to drive at night without lights. In *Columbus Ry., Power & Light Co.* v. *Pickles,* 28 Ohio App., 183, 162 N. E.,

614, it was held that it was negligence *per se* to park a car upon the public highway at night without lights. The fact that Sharp was using this road at the time of injury does not make the defendant's use of it at the same time unlawful. He had a right to follow the plaintiff at a reasonable and safe distance, and a right, as stated in the *DuBois case,* to assume that the rest of the public would comply with the statutory duty imposed to use the road in accordance with the statutes, and that the parking rule would be obeyed, and sudden stops signaled outside the vehicle. It is true that a motorist should have his car under such control as to meet unexpected emergency, but it is not required that one should be able to read the mind of one ahead of him when no emergency is presented. We therefore hold that these two sections declare a definite rule of conduct upon all the public, and that their violation is negligence *per se,* and that the charges as given in this respect are not erroneous.

It is next charged that the trial court erred in its general charge to the jury in two particulars, which should receive further consideration. Among other things, the jury were advised:

"The burden is on the plaintiff to prove first, that he (the defendant) was negligent, then if you find that he has proven that, that that negligence was the proximate cause of the injury. Third, if he did not contribute to his own injury, then the next thing is as to whether or not he is entitled to damages and how much."

And again later on in the charge they were instructed that:

"Now, if you find that the plaintiff has proven

to you, as alleged in his petition, that the defendant was negligent and that that negligence was the proximate cause of the injury. And that he was free from negligence himself then your verdict should be for the plaintiff. Then what would be the measure of damages.''

It is definitely established in Ohio that contributory negligence is an affirmative defense, the burden of proving which is upon the defendant, and as said, in the most recent pronouncement, *Cleveland Ry. Co.* v. *Goldman,* 122 Ohio St., 73, 170 N. E., 641, ''Where the court imposes upon an aggrieved litigant a greater burden of proof than the law requires, prejudice will be presumed.''

It is the view of the defendant in this action that the period appearing after the word injury, in both paragraphs, broke the continuity of thought and expression of the trial court, and that by reason of this punctuation the jury were not wrongfully instructed or misled thereby. The record does not disclose that the general charge had been reduced to writing or was in the jury's possession during their deliberation. The court did not indicate to the jury while giving the charge the punctuation intended. And it seems to us that the court's use of the words ''first'' and ''third'' could have had but one tendency; that is, to have misled the jury as to what the law was. And the repetition of the language used in the second paragraph must have further misled the jury. In addition to the comments made, what has been said in part with reference to the three special requests as given is equally true when applied to the excerpts taken from the general charge.

In passing it should be noted that the plaintiff's

evidence raises no inference of contributory negligence on his part directly contributing to his injury; hence the exception to the general rule cannot be invoked that the burden is cast upon the plaintiff to prove, as a part of his case, that he was free of any negligent act or omission directly contributing to his injury.

The defendant insists that even if the court erred in the matter of the charge, both special and general, on the question of contributory negligence and burden of proof, and even if such was prejudicial, that a reversal of the judgment would be improper under the rule of *Sites* v. *Haverstick*, 23 Ohio St., 626. We are well advised of the two-issue rule as announced in that authority, but are of opinion that such can have no application to this case.

There is creditable evidence in the record to the effect that the plaintiff suffered a severe shock in being thrown against the steering wheel, and that such a blow could have, and perhaps did, detach the retina and cause total blindness. This the defendant does not seem to have attempted, except by cross-examination of plaintiff's witnesses, to disprove. From which we must conclude that it would hardly have been possible for the jury to have adversely determined by its general verdict the issue raised under the defendant's general denial that the plaintiff sustained no injury by reason of the collision. This being true, the general verdict must have been based upon the other issues in this action, which, to our notion, are so interwoven and closely related and connected with each other, as apparent from the erroneous charges given, as to have misled the jury on the question of burden of proof and the other

issues presented. The plaintiff had the right to have the jury correctly instructed as to what negligent or unlawful act or omission on his part, which solely or partly and directly contributed to his injury, would bar him of recovery for his injury.

It is the finding of this court that where prejudicial error intervenes in the submission of one or more of the issues joined, and the verdict is general, and not reached by special interrogatory, the judgment must be reversed when there can be no finding in favor of the defendant logically arrived at on all of the other issues in the case; for sole negligence and contributory negligence are incompatible defenses, in that they are not susceptible of the same answer. *Scioto Valley Ry. & Power Co.* v. *Rutter, Admx.,* 112 Ohio St., 500, 147 N. E., 910, and *Masters* v. *Cincinnati Traction Co.,* 16 Ohio App., 99, sanction the views announced.

For the reasons indicated the motion for a new trial should have been sustained, and the judgment of the trial court is therefore reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

LEMERT, P. J., concurs.
HOUCK, J., not participating.