BERCHTOLD, AN INFANT, *v.* MARTIN ET AL., PARTNERS.

(Decided May 28, 1929.)

*Mr. W. A. Haines* and *Mr. Wm. H. Gilbert,* for plaintiff in error.

*Mr. L. H. Shipman,* for defendants in error.

KUNKLE, J. Plaintiff in error, Bernard W. Berchtold, an infant twelve years of age, prosecutes this suit through his father as next friend, and seeks to recover judgment against defendants in error in the sum of $20,000 for personal injuries claimed to have been received through the explosion of a blasting cap, which resulted in inflicting serious injuries to the eyes of plaintiff in error.

The circumstances under which this blasting cap was secured by plaintiff in error and the other alleged acts of negligence on the part of defendants in error, which it is claimed were the proximate cause of plaintiff in error receiving the injuries complained of, are set forth in detail in the petition.

Defendants in error, for an amended answer to the petition, admit that plaintiff is an infant, that defendants are partners as alleged in the petition, and that plaintiff received some injury by reason of an explosion of a blasting cap, but not of the extent or serious character alleged. Defendants, further answering, deny each and every other allegation in the petition.

Defendants for their second defense say that whatever injury the plaintiff suffered was caused by the fault and negligence of the plaintiff himself.

A reply was filed by the plaintiff, an issue was joined by the pleadings, and the case was submitted to a jury upon the evidence and charge of the trial court. The jury unanimously returned a verdict in favor of defendants in error. Motion for a new trial having been overruled, error is prosecuted to this court.

We have read the record in this case and also considered the briefs of counsel, and upon such consideration have arrived at the conclusion that for a proper determination of the case in this court it will be unnecessary to pass upon some of the interesting questions discussed by counsel, both in their briefs and upon oral argument of the case. The record clearly discloses that the contributory negligence of the plaintiff in error formed a very important issue in the trial of the case. The question as to how the plaintiff in error came into possession of the box of blasting caps was also one around which considerable controversy revolved. The defendants in error claimed that this box of caps had recently, together with various other articles, been stolen out of a room connected with their office, in which the caps were kept. Plaintiff in error claimed that the blasting caps were kept in a shed or building, which was insecure for such purpose, and that the caps were not kept in the manner required by the statute. A violation of different regulations of the statutes for the storing of explosives is relied upon by plaintiff in error.

The trial court, at the request of counsel for plain-

tiff in error, gave two special instructions in advance of the arguments. The second instruction so given is as follows:

"I charge you that in applying contributory negligence to the acts of children, that the conduct of children is not gauged by the same rules that determine the contributory negligence of adults, and only ordinary care which children of the same age or ordinary prudence accustomed to use under similar circumstances is required."

And, at the request of counsel for defendants in error, the trial court gave a number of special instructions in advance of the argument, among which are the following:

"No. 1. If you find that the plaintiff was injured by a blasting cap which was the property of the defendants, this fact alone would not justify a verdict against the defendants. You must also find that the defendants were not using ordinary care and prudence in the keeping and storing of such blasting caps."

"No. 13. The plaintiff, although a boy of nearly thirteen years of age, is bound to use ordinary care and prudence, just such care and prudence as a boy of his age of ordinary care and prudence would use under like or similar circumstances; and if the plaintiff failed to exercise such ordinary care for his own safety, and his alleged injury proximately resulted from such lack of ordinary care, then your verdict must be for the defendants."

"No. 14. If you find that the plaintiff purposely and voluntarily exploded the blasting cap in question and that at the time he had sufficient capacity and maturity to know that a dangerous explosion

was probable, and if you find further that this act was the proximate cause of the plaintiff's injury, then he cannot recover in this case and your verdict must be for the defendants.''

It is apparent from a reading of the record that the trial of this case revolved to a considerable extent around the issue of the contributory negligence of plaintiff in error, and of his knowing the danger which was likely to result from an explosion of the blasting cap in question.

As to the trial of these issues, we are thoroughly satisfied that there is no error in the record prejudicial to plaintiff in error.

The verdict in this case was a general verdict. No interrogatories were submitted by which to test the grounds upon which the verdict was based. It may have been based entirely upon the contributory negligence of plaintiff in error, rather than upon the alleged negligent acts of defendants in error in any of the respects stated in the petition.

The rule is well settled in Ohio that, where a general verdict is returned by the jury, and there are different issues involved, and it is not disclosed by answers to interrogatories or otherwise upon which issue the verdict was based, a reviewing court is not warranted in finding that the errors, if any, existing in the record, influenced or affected the verdict. *Hubert* v. *Kessler, Trustee,* 108 Ohio St., 584, 142 N. E., 38.

In the case of *Sites* v. *Haverstick,* 23 Ohio St., 626, the syllabus reads as follows:

''1. Where the jury, by their verdict, 'find the issues joined in the cause' in favor of one of the

parties, this is to be taken as a verdict finding each and all of the issues therein for such party.

"2. In such case, if the issues are such that a finding of either of them in favor of the successful party entitles him to the judgment rendered, the judgment will not be reversed for error in the instructions of the court relating exclusively to the other."

See, also, *Ochsner, Admr.,* v. *Cincinnati Traction Co.,* 107 Ohio St., 33, 140 N. E., 644.

In view of the rule so announced by our Supreme Court, and in view of our finding that at least as to the issue of contributory negligence there is no prejudicial error in the record, we have reached the conclusion that it is the duty of this court to affirm the judgment of the lower court.

In view of the conclusion at which we have arrived, it becomes unnecessary to discuss the statutory provisions for the storing of explosives, etc., which are urged by counsel for plaintiff in error.

*Judgment affirmed.*

ALLREAD and HORNBECK, JJ., concur.