### RUDIBAUGH v NILES (city)

Ohio Appeals, 7th Dist, Trumbull Co

Decided March 4, 1937

## OPINION

By NICHOLS, J.

This cause comes into this court on appeal from the judgment of the Court of Common Pleas of Trumbull County, wherein Mary Lou Rudibaugh, a minor, plaintiff, recovered a judgment against the city of Niles, defendant, for personal injuries received by the minor when she fell from a retaining wall constructed on private property located close to but not a part of the public street known as Main Street in Niles.

The notice of appeal filed by the appellant recites that "said appeal is on a question of law and fact." The cause coming on to be heard in this court, counsel for appellee moved to dismiss the appeal upon two grounds: First, that the action in the Common Pleas Court was one at law and, therefore, no appeal of fact lies; second, that appellant filed its brief in this court out of rule but wihin the time extended by only one of the judges of this court. The motion to dismiss the appeal is overruled, it being the opinion of the court that the cause is here upon appeal of law only and not appeal of law and fact, and that the words "and fact" in the notice of appeal are mere surplusage, it being conceded that the cause below was one at law and not in chancery.

Previous to the time within which appellant was required to file briefs under the rules of this court, counsel for appellant called one of the judges and represented that due to the press of business counsel would be unable to have his brief prepared and filed within rule. One of the judges of this court thereupon approved a journal entry granting leave to counsel for appellant to file brief by a day certain, which brief was filed within the time fixed in the journal entry. It has been the practice of this court for one judge to approve an entry granting additional time to file briefs if leave is asked before expiration of the time provided for filing such briefs. Indeed, it has been the practice of this court for one judge to grant additional time within which to file briefs even though no briefs have been filed within rule, provided that at the time leave for additional time is requested no motion has been filed by the adverse party to dismiss for failure to file within rule. We

G. P. Gilmer, Warren, Mrs. M. E. Gilmer, Warren, and Philip Fusco, Warren, for appellee.

H. A. Mills, City Solicitor, Niles, for appellant.

see no reason for departing from the practice heretofore established.

The plaintiff, appellee, at the time of the injury received by her, was a minor of the age of eight years lacking a few days. The city of Niles is a municipal corporation under the laws of the state of Ohio.

In her amended petition the plaintiff alleges, in substance, that North Main Street is a much traveled public highway in the city of Niles: that the highway and the sidewalks adjoining it are owned and maintained by the city for the use of the general public and are greatly used for pedestrian and vehicular traffic; that alongside and adjacent to the highway there is a five-foot stone slab sidewalk; that the sidewalk fronts upon and forms the easterly boundary of the Hubbard Pressed Steel property abutting on the west side of North Main Street; that immediately adjacent to and on the westerly edge of the sidewalk "and between said sidewalk and the said Hubbard Pressed Steel property, so-called, there has been constructed and maintained for several years last past a stone retaining wall about sixteen inches in width and running almost the entire length of said property, the top of said retaining wall being about four inches above the level of said sidewalk; that on the westerly side of said retaining wall there is a sheer perpendicular drop of approximately seven feet from the surface of said sidewalk and retaining wall to the ground level of the Hubbard Pressed Steel Company."

The amended petition further alleges: "that at the time of the injury sustained by plaintiff said plaintiff was upon said retaining wall while in the lawful and proper use of said highway and sidewalk for the purposes of ordinary travel and this plaintiff was exercising ordinary care in the use thereof such as is customarily exercised by children of the same age, education and experience as this plaintiff."

The amended petition further alleges: "that at the point where there exists the perpendicular drop mentioned above from the sidewalk to the ground of the Hubbard Pressed Steel Company, said sidewalk is and has been maintained unguarded by said city of Niles, with the knowledge of said city and its proper agents and servants, both actual and constructive, and the further knowledge that a dangerous condition was thereby maintained; and that no barrier, guard railing or fence was

ever erected by said city at said point for the purpose of protecting pedestrians and particularly children of tender years in the lawful use of said highway and sidewalk adjoining in the ordinary course of travel along the same."

The amended petition further alleges that plaintiff, accompanied by two playmates, was returning from downtown Niles to her home on the north side of the city and that she, together with the other children, was walking homeward on the west sidewalk along North Main Street; that when the children approached the retaining wall they, including the plaintiff, stepped on to the same and proceeded to walk along it in the direction of their homes; and that immediately after stepping on to the retaining wall plaintiff slipped and fell off the same and was precipitated to the ground below, sustaining certain injuries set forth in the amended petition.

The amended petition further alleges that "it was customary for children in particular who had occasion to go to or come from downtown Niles to the north end of said city to walk along said street and sidewalk * * *."

The amended petition further alleges that plaintiff's injuries were directly and proximately caused "by the negligence of the defendant city * * * (1) In leaving said sidewalk unguarded and in failing to take any precautionary measures to warn pedestrians using said street and highway in the ordinary and proper way of the dangerous condition of said sidewalk and the pit immediately adjoining the same near or on the Hubbard Pressed Steel property, of which condition the defendant city was at all times aware; (2) In failing to maintain said sidewalk free from nuisance by maintaining or permitting to be maintained said retaining wall and said perpendicular drop alongside of and immediately adjoining said sidewalk in such a manner as to endanger the lives of pedestrians and particularly children of tender years lawfully using said street and sidewalk in the ordinary and proper manner; (3) In maintaining or permitting to be maintained a dangerous pit or perpendicular drop of seven feet from the level of said sidewalk and retaining wall to the ground level of said Hubbard Pressed Steel property immediately adjacent to said sidewalk in such a manner that travelers and particularly children of tender years passing along said

highway and sidewalk and exercising ordinary care would be and were subjected to imminent danger; of all of which the defendant city was well aware and had due notice; and in failing to erect a guard rail, fence, or barrier, or to take some other precautionary measure to eliminate such condition dangerous to travelers and children of tender years and this plaintiff in particular."

It will be observed that the amended petition alleges that the retaining wall is located "between said sidewalk and said Hubbard Pressed Steel property, so-called," thereby alleging that the retaining wall is within the limits of the street, and it is further observed that the amended petition alleges that plaintiff at the time of the injury sustained by her "was upon said retaining wall while in the proper use of said highway and sidewalk for the purpose of ordinary travel, and this plaintiff was exercising ordinary care in the use thereof."

The amended petition was thus rendered immune from attack by way of demurrer, and the Common Pleas Court did not err in overruling a demurrer thereto, but the plaintiff's own proof in this case, which is further corroborated by the evidence of the defendant, clearly shows that the retaining wall from which plaintiff fell was not within the boundaries of the street but was located entirely upon private property; that the street and sidewalk were properly constructed, were in good repair and that no nuisance existed within the limits thereof; and that the plaintiff was not injured while using the sidewalk provided for her use but that she knowingly left the sidewalk, went upon the retaining wall with her companions who were engaged in the game "follow your leader," and while engaged in this game plaintiff fell from the wall.

There is nothing in the record showing who constructed the retaining wall, but the record clearly shows that it is located on private property and that the city never exercised any control thereover or made any repairs thereto.

Plaintiff testified, in part, as follows:

"Q. Now, tell us what happened * * * in your own words. A. Well, Martha Jane Riley went first on the wall, then Marilyn James followed her, and then I went on ahead with them. * * *

Q. And why did you step on the wall, Mary Lou? A. Because the other children were on.

Q. Now, did you take any steps on the wall at all? A. I took two or three steps on the wall.

Q. Then what happened? A. I fell.

Q. Which way did you fall? A. Toward the west. * * *

Q. Now, you say you come over there a number of times, did you know there was this pit or hole on the other side of the wall? A. Yes, sir.

Q. You knew that before you got on the wall, isn't that correct? A. Yes.

Q. And did you know that when you got on the wall that you might slip and fall and get hurt? A. Well, I just didn't know then if I would or not.

Q. But you did know the hole was there? A. Yes.

Q. Isn't it a fact that you and the girls were playing 'follow the leader' on this wall? A. Yes.

Q. And you knew that wasn't the place for people to walk on? A. Yes. * * *

Q. Now, there isn't any doubt, is there, Mary Lou, that you were actually up on the wall, weren't you; in other words, you didn't fall off the sidewalk and over the wall? A. No.

Q. You were up on the wall? A. I was up on the wall."

Plaintiff further testified as follows:

"Q. Did you ever notice that retaining wall there before? A. Yes.

Q. You noticed it there before; did you notice the place where the people are supposed to walk, the sidewalk? A. Yes.

Q. You noticed that; did you know that was the place to walk? A. Yes."

The appellant asks not only a reversal of the judgment of the court below but final judgment for the city of Niles. Error is assigned in the admission and rejection of testimony, the giving of certain charges before argument as requested by the plaintiff, refusing to charge as requested by the defendant, the giving of certain charges in the general charge of the court to the jury, and in the refusal of the trial court to sustain defendant's motion for a new trial.

This court having arrived at the conclusion that the judgment of the Common Pleas Court must be reversed and that final judgment must be entered for the defendant, we think it unnecessary to pass upon the question of errors in the admission and rejection of testimony although an examination of the record discloses that the trial court allowed wide latitude to the

plaintiff in showing the existence of conditions removed from the place where plaintiff received her injuries and which we confess our inability to understand as having any bearing upon the issue to be determined. None of this evidence, however, tended to show a defective condition of the street or that a nuisance existed in the street or sidewalk, and it is unlikely that the admission thereof was prejudicial to the defendant.

The defendant below called "for cross-examination" the city engineer of the defendant. Upon this cross-examination the engineer identified a plat made by him for and at the request of plaintiff's counsel, which plat was offered in evidence and admitted by the court over the objection of the defendant. We find nothing in this evidence which prejudiced the defendant, as this plat as well as all other testimony in the case bearing upon the subject clearly shows that the wall from which plaintiff fell was located outside the limits of the street and wholly upon private property, and that the wall did not constitute a nuisance but was so constructed that it would be a protection to anyone using the street or sidewalk for the purposes of ordinary travel and in the exercise of ordinary care. Hence, we find it unnecessary to determine whether the statute authorizes the calling of the city engineer for cross-examination.

A careful examination of the entire record in this case convinces us that the plaintiff has established no ground of recovery in this action; that it would have been the duty of the trial court to have directed a verdict in favor of the defendant at the close of all the evidence in the case had motion been made therefor. No such motion was interposed on behalf of the defendant, but from an examination of the charge of the court to the jury it is surmised that the trial court misinterpreted the holding of the Supreme Court in the case of **Village of Mineral City v Gilbow,** 81 Oh St 263, 90 NE 800, 25 L.R.A. (N.S.) 627, wherein it is stated in the second paragraph of the syllabus as follows:

"In determining whether it is necessary, in a particular case, that a barrier should be erected in order to make the highway safe for travelers thereon, the true test is not the distance from the highway of the dangerous object or place, whether it be much or little; but whether a traveler in passing along the highway and exercising ordinary care, would be subjected to such imminent danger that it would require a barrier to make the highway safe."

It appears that the trial court gave too great consideration to that portion of the above quoted syllabus of the Supreme Court wherein it was stated that "the true test is not the distance from the highway of the dangerous object or place, whether it be much or little;" and failed to give proper consideration to the pertinent affirmative portion of the above quoted syllabus which limits the right of recovery to one who is injured while "passing along the highway and exercising ordinary care."

There is no power or duty enjoined upon the city to abate a nuisance not located within the highway or other public grounds, and it is only when a traveler using the highway in an ordinarily careful manner is subjected to such imminent danger as to make the highway itself unsafe for travel that any duty devolves upon the city to erect a barrier regardless of the distance, whether much or little, of the dangerous object or place from the highway. In the instant case there is no showing of imminent danger to anyone using the public street of the city of Niles in an ordinarily careful manner, but the record clearly discloses that the injury to plaintiff arose by reason of the fact that she chose to leave a sidewalk which had been properly constructed, was in repair and free from nuisance, and voluntarily went upon the wall located without the city street for the purpose of playing, with full knowledge that the sidewalk was the proper place to travel, with full knowledge that the wall was not a proper place to travel, and that she was subjecting herself to danger of falling to the ground below.

An examination of the general charge of the court to the jury, as well as the special charges given upon request of the plaintiff, makes apparent that the trial court based the liability of the municipal corporation upon the ground of negligence; whereas it is now settled that while acting in its governmental capacity a municipality incurs no liability in tort for common law negligence; that the sole liability of the city arises under the provisions of §3714, GC, requiring a municipality to keep its streets open, in repair and free from nuisance; that the term "nuisance" is not synonymous with negligence and that the provisions of §3714, GC, do not by

implication impose liability for negligence not involving nuisance.

**Selden v City of Cuyahoga Falls, 132 Oh St 223, 6 NE (2d) 976.**

The charge of the trial court to the jury in the case at bar nowhere defined "nuisance."

In the first special request to charge given by the trial court at the request of the plaintiff, the court said to the jury:

"I charge you as a matter of law that if you find by the greater weight of the evidence that the defendant, the city of Niles, has been guilty of any one or more of the acts of negligence charged in the petition, and that such negligence so found proximately contributed in any degree to cause the injuries to the plaintiff, if any she sustained, then your verdict must be for the plaintiff unless you find that the infant plaintiff has been guilty of contributory negligence proximately contributing to her injuries, if any she sustained. I charge you further that the burden of proving contributory negligence is upon the defendant city, and such proof must be by the greater weight of all the evidence. * * *"

Throughout the general charge of the court to the jury, the jury is told that in the absence of contributory negligence on the part of the plaintiff they should return a verdict against the defendant if the plaintiff has proven one or more of the "grounds of negligence" alleged in the amended petition, it being specifically stated by the court to the jury as follows:

"This action, members of the jury, is founded upon negligence * * *. You will examine the evidence carefully, under the rules of law which the court gives you, and determine, in the first instance, whether or not the defendant, the city of Niles, was negligent in one or more of the respects charged in the petition; * * *. Negligence is the failure to exercise ordinary care, the want of ordinary care, negligence and carelessness, and want of ordinary care are three terms that we use interchangeably in a case of this character. Was the city of Niles guilty of negligence, as I have defined that term to you? Guilty of want of ordinary care, in the maintenance of that sidewalk, at the time this girl fell?"

The court further told the jury that negligence may be commissive or omissive. Before the argument to the jury, the court had given a special request on behalf of the plaintiff as follows:

"I charge you as a matter of law a municipality is bound to anticipate that children in going from one place to another along the city's streets and sidewalks, may indulge their natural interest for sportiveness and play and may make some slight deviation from the sidewalks proper, the diversion or play in such places being regarded as a mere incident of the travel which is to be expected of children in their use of streets and sidewalks for travel."

Thus, the court virtually told the jury to return a verdict for the plaintiff and placed upon the city a far greater burden than imposed by the provisions of §3714, GC, making the city liable for injuries received by children outside the limits of the street and while deviating therefrom for the purposes of play even though the jury should find, as it must have found under the evidence in this case, that the sidewalk was open, in repair, free from nuisance and entirely safe for travelers using the same in an ordinarily prudent manner, and in this connection it may be noted that the trial court refused to admit testimony offered by the defendant to the effect that the conditions existing at the time plaintiff received her injuries had been the same for a long period of years previous and that there had been no complaints and no injuries resulting therefrom.

In the state of the evidence in this case from which it is clear that plaintiff's injuries were not occasioned by any use made by her of the street but arose solely because she knowingly deviated from the street, the prejudicial character of this special request is apparent. There are cases where a right to recovery has been recognized when children using the street itself for play have been injured by reason of the failure of the city to erect a barrier along the street sufficient to protect children from imminent danger while playing on the street, but since in Ohio the liability of the city arises solely from the provisions of §3714, GC, we know of no theory upon which the city can be held liable for damages occasioned to children who knowingly leave a safe street and are injured outside the limits thereof while engaged in play; nor do we know of any authority for the claim made in the amended petition of plaintiff that the city was required to abate or remove or remedy the condition existing upon privately owned property adjacent to the public street.

In one of the special charges of the court to the jury before argument, made at request of the plaintiff, which charge

covers three pages of the record, it was stated among other things that "a very young child could be expected to have very little and perhaps no concern for its own safety; it would not be required to exercise any care, any kind of care, for its own safety."

This abstract statement of the court was improper. It was not the province of the court to determine whether the plaintiff could be guilty of contributory negligence. That was for the jury under proper instructions. The rule is that the attention of the jury should be called to the minority of the plaintiff and to the fact that she was only required to use that degree of care which youth of her age, education and experience are accustomed to exercise under the same or similar circumstances. In defense of this charge it is stated that the language thereof is identical with that contained in Weygandt's Ohio Charges (Metzler Revised Ed.), No. 885, and we find that the above quoted language is contained in the form of charge set forth therein.

We have examined the two cases cited in connection with this form, to-wit, Knabb, Admr. v Scherer, 45 Oh Ap 535, (15 Abs 342) 187 NE 574; and Berchtold v Martin, 38 Oh Ap 556, (10 Abs 517) 177 NE 57, and find nothing in either of these cases which can be construed as authority for incorporating the above quoted language in a charge of the court to the jury.

It is the conclusion of this court that the evidence fails to establish any liability upon the part of the city for the injuries received by plaintiff as alleged in her petition; that the trial court erred in its charge to the jury and in overruling the motion for a new trial; that substantial justice has not been done; and that the judgment of the trial court should be reversed and final judgment rendered for the defendant.

Judgment reversed and final judgment for appellant.

ROBERTS, PJ, and CARTER, J, concur.