DZURACKY, APPELLEE, *v.* CITY OF CAMPBELL, APPELLANT.

(Decided November 10, 1939.)

*Mr. J. E. Julius, Mr. Peter B. Betras* and *Mr. I. Freeman,* for appellee.

*Mr. Anthony Pacella,* city solicitor, and *Messrs. Hahn & Shermer,* for appellant.

NICHOLS, P. J.   This appeal on questions of law is in this court from the judgment of the Common Pleas Court of Mahoning county, Ohio, wherein plaintiff, appellee herein, by the verdict of the jury, was awarded damages against defendant, appellant herein, for personal injuries alleged to have been received by her when she fell upon the sidewalk in one of the public streets of the city of Campbell.

In her petition plaintiff alleged that one of the cement slabs, of which the sidewalk is constructed, was broken in many places and depressed about four inches below grade, so that the end of the adjoining slab extended about four inches above the broken one and the sidewalk was, therefore, uneven, dangerous and liable to trip and injure pedestrians lawfully using the same, and was for these reasons a public menace and nuisance.

Plaintiff further alleged that as she proceeded upon the sidewalk about 7:30 p. m., November 25, 1935, it was dark and the broken, defective and dangerous condition of the slab was not visible to her, and she assumed it to be safe for walking, but that without fault on her part her toe caught against the projecting slab causing her to fall, resulting in the injuries of which she complains.

The city denied generally the allegations of the petition and alleged that if plaintiff was injured it was due solely to her own negligence, and a further defense of ''contributory negligence'' was set up.

There has been withdrawn by defendant from the assignments of error the ground or grounds relating to the weight of the evidence, the appeal being urged

upon the ground that the trial court erred in the general charge to the jury, to the prejudice of the city.

Defendant contends that the trial court misconceived the basis of liability against the city, founding the same on negligence when the sole liability of a city arises from violation of the provisions of Section 3714, General Code, which mandatorily require the municipality to "keep its streets * * * open, in repair and free from nuisance."

From the charge, we set forth the following excerpts, exemplifying the contention of defendant:

"Now, members of the jury, I want to go directly to the issues that are in this case, and I want to undertake to define them. The first issue that is made in this case by the pleadings and evidence is the issue of what we call negligence; *this is a negligence case* and this is a difficult term of interpretation to laymen, but we lawyers have a vocabulary and we will undertake to make you understand what we mean by the term 'negligence.'" (Italics ours.)

We do not approve the quoted language of the court and think that all of it might better have been left unsaid, since the action was not a negligence action and the issue was not the issue of what we call "negligence." The issue was whether the city had violated the mandatory requirements of Section 3714, General Code. But the court proceeded immediately to correctly say to the jury:

"The city of Campbell owed a duty to plaintiff and owed a duty in this respect, that the statute or law of Ohio required the city of Campbell to keep Madison avenue open, in repair and free from nuisance. The plaintiff said it did not do so, the defendant said it did do so; now, what are the facts? *That is the issue.* Did the city of Campbell fulfill the duty owed to this plaintiff by keeping Madison avenue open, in repair and free from nuisance? The plaintiff in this case says that the sidewalk was in the condition as shown

here by some exhibits known as photographs in this case, that such an alleged defect in the sidewalk made the sidewalk unsafe for travel, especially in the night season, and that this condition in the sidewalk was a *nuisance,* that is, it was a condition that would naturally and ordinarily bring injury or harm to another who might be in the exercise of ordinary care for his own safety and welfare * * *." (Italics ours.)

Thus the trial court gave to the jury the best definition of nuisance, as applicable to a situation of this kind, that we have been able to find, being the definition heretofore approved by this court.

The court further proceeded to correctly state to the jury:

"Well, what was the condition of the sidewalk? That is the thing you have to determine. Was it unsafe and was it dangerous, was it out of repair and did the city of Campbell fail to perform *its duty imposed upon it* by statute? Those are the issues that are here for your determination." (Italics ours.)

The court further went on to say that "if the city failed and neglected to perform its duty of keeping the sidewalk open, in repair and free from nuisance," then it would be "negligent."

Having thus correctly stated to the jury the obligation of the city under Section 3714, General Code, can it be said that it was to the prejudice of the city that the court denominated the failure of the city to perform its duty as "negligence" on its part? We think not. Unquestionably, the failure of the city to comply with its duty to keep its streets in repair may be due to its negligence in that respect. As said by the Supreme Court in *Selden* v. *City of Cuyahoga Falls,* 132 Ohio St., 223, 6 N. E. (2d), 976, the terms "negligence" and "nuisance" are not synonymous, but a nuisance may and often does arise out of negligence. Liability of the city arises under the statute for permitting or maintaining a nuisance in its streets,

whether such nuisance is there by the negligence of the city or otherwise; hence it was not to the prejudice of the city in this case to limit its liability to negligence on its part, and the court therefore charged favorably to the city when it limited the liability in this case by stating to the jury:

"The law only has to say this to the city of Campbell—you have to keep them reasonably safe, *you have to use ordinary care* in keeping the sidewalks in this reasonably safe condition for one who travels thereupon, and if you have done so then you are not guilty of violating this statute and you have fulfilled the duties imposed upon you by law, and you have done all the law requires you to do in keeping the sidewalks * * * in a reasonably safe condition for ordinary travel. If the city of Campbell has done so, it is not guilty of *negligence* in this case." (Italics ours.)

It is undoubtedly true that one who has used ordinary care in a situation where only that degree of care is required is not guilty of negligence. But the statute does not impose upon the city only the duty of exercising ordinary care, but mandatorily requires the city to keep its streets open, in repair and free from nuisance regardless of the degree of care necessary to that end, limited only by the recognized rule that the city must have notice, either actual or constructive, of the condition of disrepair and reasonable time to repair and remove the nuisance.

It was not erroneous for the court to state to the jury that the city was only required to keep its streets in a reasonably safe condition for one who travels thereupon, for if the street was reasonably safe for that purpose, it would in fact be free from nuisance; but it was erroneous for the court to tell the jury that the city was only required "to use ordinary care" in keeping its sidewalks in a reasonably safe condition, as such charge destroyed the mandatory requirements of the statute.

The error of the trial court in this respect, however, could not, in our opinion, have been prejudicial to the city, and this is likewise true as to other instances wherein the trial court used the term "negligence" in the charge, when he should have used the expression "violated its duty under the statute," or words of like import.

We clearly distinguish this case from that of *Rudibaugh* v. *City of Niles*, 56 Ohio App., 451, 11 N. E. (2d), 193, wherein there was no claim that the street itself was out of repair or that any nuisance existed within the boundaries of the street, but nevertheless the court charged the jury it might find for the plaintiff and against the city if it should find from the evidence that the city was guilty of any one of certain alleged *acts* of *negligence* set forth in the petition, thus imposing liability not embraced within the provisions of the statute.

In what we have said with reference to use by the trial court of the term "negligence," we intend no censure, inasmuch as the Supreme Court as well as this Court of Appeals, and the Courts of Appeals of other districts, have frequently used the word in defining liability of the city, and it has been more or less the custom of trial courts to refer to actions of this character as "negligence cases." The practice should be discontinued. See, *Village of Cardington* v. *Admr. of Fredericks*, 46 Ohio St., 442, 21 N. E., 766.

Another question for consideration in this case arises out of the following allegation in plaintiff's petition:

"Plaintiff says that the defendant was guilty of unlawful, careless and negligent conduct in the premises, directly and proximately causing and resulting in said accident and injuries, in the following respects, to wit: * * *

"3. In failing to protect pedestrians and particularly this plaintiff using and walking upon said sidewalk, against the danger of stumbling, tripping, falling and

injuring such pedestrians, by placing proper signs, lights, or signals at or near said broken sidewalk so as to warn them and this plaintiff of such dangerous condition, or by barricading the same so as to prevent this plaintiff and other pedestrians from using or walking upon said broken and dangerous sidewalk.''

No motion was made to strike this allegation from the petition, and evidence was introduced showing that at the time of the accident there were no signs, warnings or barricades at or near the broken place in the sidewalk. In reference to this allegation, the trial court stated to the jury:

''Now, if you find by the greater weight of the evidence that the sidewalk in question was as Mrs. Dzuracky claims it was in her petition, and you also find by the greater weight of the evidence that the city of Campbell had notice, then you must proceed to consider another matter in this law suit and that is the question of *proximate cause* and *contributory negligence*. This is also a part of this law suit in this case with respect to the claimed duty that the plaintiff says was the duty of the defendant in this case; that is, they took no steps to reasonably apprise her or warn her of the condition of the sidewalk at the time and place in question, and that she not having any notice or any warning of any kind of the condition of the sidewalk at the time and place in question, she then undertook to use the same—but I will more fully tell you about that part of warning when we come to the second question of what we call contributory negligence.'' (Italics ours.)

After telling the jury there was a duty resting upon plaintiff to exercise ordinary care for her own safety and welfare, the trial court further stated in the charge:

''Now, she alleges that this sidewalk was in 'this dangerous condition; she also alleges that there was no warning of any kind to apprise or acquaint her or

inform her of such dangerous condition. Now, members of the jury, you should take into consideration what the evidence shows as to any warning or any notice that may have been used by the city of Campbell to apprise and acquaint those who might use Madison avenue as to the condition thereof. That may be considered, together with her conduct, to see whether or not she, the plaintiff, did exercise ordinary care for her own benefit and welfare."

After repeating that the city claims the sidewalk was not out of repair and did not have in it any dangerous condition, and "therefore it was excused from warning or apprising another of the condition of the sidewalk," the court charged:

"But, if the jury should find this sidewalk was out of repair and does have in it a nuisance, and it is not reasonably safe for one, and particularly this plaintiff, to use it at the time and place in question, then you should take into consideration whether or not the city of Campbell *has fulfilled its duty by apprising and acquainting one with such condition;* and if you find, members of the jury, this plaintiff did exercise the duty that was imposed upon her by law, exercised ordinary care for her own safety, and find her free from negligence proximately contributing to her injury, then you give her money that will compensate her for the damages she has sustained, provided she has met the issue by the proper degree of proof." (Italics ours.)

And further along in the charge, the court said:

"Now, with respect to the allegations of negligence set out in the petition, as the same relates to the conduct of the city of Campbell in failing to keep a warning sign there. I have said something to the jury about the failure to apprise and warn the person who might be lawfully upon the sidewalk as to the condition of the sidewalk at the time and place in question, but I say to you, members of the jury, *that this duty to warn or apprise one of the dangerous condition of*

*the sidewalk* at the time and place in question can only arise when this jury determines from the facts in this case that there was such a dangerous condition, and that the sidewalk was defective in the manner and character as alleged by this plaintiff, because, as you can see it is only in the failure to perform their duty to keep the sidewalk open, in repair and free from nuisance, it follows that *an additional duty to warn would arise.*" (Italics ours.)

We are confident the trial court would not have charged that a duty rested upon the city "to warn or apprise one of the dangerous condition of the sidewalk" or "that an additional duty to warn would arise" if the city had failed to keep the sidewalk open, in repair and free from nuisance, or otherwise indicated to the jury that it was "the duty" of the city to warn or apprise plaintiff of the dangerous condition of the sidewalk. *There is no duty enjoined by the statute* upon the city to give such warning, or to barricade or otherwise guard against such dangerous condition, and not being a specific requirement of the statute the court should not have decided for the jury that there was a duty to warn, but the matter of notice or warning to the pedestrian should have been left for the consideration of the jury in determining whether the condition in the sidewalk, without any warning, notice, barricade, or guard, was a nuisance in the sidewalk; and in further determining whether plaintiff was guilty of negligence which was a direct and proximate cause of her injuries—in other words, the jury should consider notice, warning, barricade, or guard, or the want thereof, in determining what was the proximate cause of plaintiff's injuries. Were they caused proximately by the failure of the city to keep its sidewalk in repair and free from nuisance, or were they caused by the negligence of plaintiff, or by both combined?

The question remains whether these unfortunate

statements by the court in its charge are so prejudicial to the defendant as to require a reversal and retrial of the action.

We note that the court told the jury, in substance, that the "additional duty" to warn or apprise plaintiff could arise only after the jury had determined that the sidewalk was defective and dangerous as alleged by plaintiff. It thus appears the jury was given to understand that warning or notice came into consideration only after the jury had found that the city had failed in its duty to keep the sidewalk in repair and free from nuisance at the time of the accident, and it must be assumed that the jury so found because its verdict was for plaintiff, and from an examination of the record and exhibits we are of opinion the jury was amply warranted in so finding. The court had correctly charged on the question of notice to the city. There is no evidence in the record from which the jury would have been warranted in finding that plaintiff did not fall at the place alleged. It seems clear, then, that the verdict should have been for plaintiff, unless she herself was guilty of negligence which was a proximate cause of her injuries, and in determining whether plaintiff was so negligent the jury had the right to consider whether the city had warned or apprised plaintiff of the dangerous condition which the jury previously had determined existed in the sidewalk to the knowledge of the city. That is just what the trial court did say in the first place with reference to the subject. Concededly, there were no barricades or guards at the place in the sidewalk, or any notice given plaintiff of the defective and dangerous condition of the sidewalk at that place. It was the contention of the city that no such defective and dangerous condition existed until after plaintiff fell, if she fell at all. In view of these circumstances we conclude the error of the trial court in the respects mentioned could not have been prejudicial to the city.

Perhaps we are inclined to this conclusion somewhat by the fact that the action has been twice tried to a jury and each time resulted in a verdict for plaintiff upon the same pleadings and substantially the same evidence. The first verdict and judgment thereon for plaintiff were set aside by this court and a new trial ordered because of error of the trial court in its charge upon the subject of notice to the city. No such error occurred upon the second trial.

It is the conclusion of this court that we cannot find that substantial justice has not been done between the parties in the trial now under review; that the errors of the trial court in its charge to the jury are not so prejudicial to the rights of the defendant as to require or justify a reversal of the judgment of the Common Pleas Court; and no other error appearing, it follows that the judgment will be affirmed.

*Judgment affirmed.*

CARTER, J., concurs.

PHILLIPS, J., not participating.