Boston Safe Deposit and Trust Company, trustee, *vs.* Crawford Goldthwait & others.

Suffolk.    December 7, 1923. — January 8, 1924.

Present: Rugg, C.J., Braley, Crosby, Pierce, & Carroll, JJ.

*Trust*, Construction of instrument creating trust. *Devise and Legacy.* *Words,* "Children."

In the construction of a will, words are not to be given an unusual meaning unless it appears from the will that such a meaning was intended by the testator.

A testator by his will directed a trustee to pay over the net income of the trust fund to his three children in equal shares during their lifetime, and that, "Upon the decease of any of my children living at the time of my decease leaving no issue living at the time of his or her decease, I direct said trustee to pay over such deceased child's share of said income, in equal parts, to my remaining children during their lifetime. Upon the decease of any of my children leaving issue living at the time of his or her decease, I direct said trustee to pay over to such issue the parent's share of said income during the lifetime of my remaining children;" and upon the decease of the last of his children living when he died, he directed that the trust should cease and that the principal of the trust fund together with its accumulations should be distributed "among the issue of my children living at the time of the decease of my last child." At the death of the testator, a son had died leaving one child. Two of the testator's daughters survived him. One afterwards died leaving no issue surviving her. *Held,* that

(1) After the death of the daughter, two thirds of the entire income of the trust should be paid to the surviving daughter and one third to the son of the deceased son;

(2) The word " children " was used in its natural sense to designate the testator's immediate offspring.

Petition, filed in the Probate Court for the county of Suffolk on May 2, 1923, by the trustee under the will of John Goldthwait, late of Boston, for instructions.

Alexander G. Grant was appointed guardian *ad litem* to represent unborn or unascertained persons who were or might become interested in the matter of the petition.

The suit was heard in the Probate Court by *Prest*, J. Material facts before him are described in the opinion. By order of the judge, a decree was entered that two thirds of the income under the trust be paid to the respondent Helen G. Davis and one third to the respondent Crawford Goldthwait during the life of Helen G. Davis; and Crawford Goldthwait appealed.

*C. M. Rogerson*, for the petitioner, stated the case.

*H. L. Boutwell*, (*F. A. Cross* with him,) for Crawford Goldthwait.

*W. P. Evarts*, for Helen G. Davis.

*A. G. Grant*, guardian *ad litem*, submitted a brief.

CARROLL, J.  John Goldthwait, by the sixth article of his will, admitted to probate on February 2, 1899, directed his trustee to pay over the net income of the fund to his three children in equal shares during their lifetime; "Upon the decease of any of my children living at the time of my decease, leaving no issue living at the time of his or her decease, I direct said trustee to pay over such deceased child's share of said income, in equal parts, to my remaining children during their lifetime. Upon the decease of any of my children leaving issue living at the time of his or her decease, I direct said trustee to pay over to such issue the parent's share of said income during the lifetime of my remaining children;" and upon the decease of the last of his children living when he died, he directed that the trust should cease and the principal of the trust fund together with its accumulations, be distributed "among the issue of my children living at the time of the decease of my last child."

When the testator died, his son Charles B. Goldthwait had deceased leaving one child, Crawford Goldthwait, the respondent. Two daughters of John Goldthwait, Mrs. Peirce and Mrs. Davis, survived him. Mrs. Peirce died January 8, 1923, leaving no issue surviving her. The respondent contends that, Mrs. Peirce having died without issue, the net income of the trust fund should be paid in

equal shares to him and to Mrs. Davis.  The contention of the guardian *ad litem* is that half of the share of income formerly paid to Mrs. Peirce should go to Mrs. Davis, and half should accumulate and be distributed with the principal on the death of Mrs. Davis.  The Probate Court decreed that two thirds of the entire income were to be paid to Mrs. Davis and one third to the respondent Goldthwait during the life of Mrs. Davis.

The will provided that on the death of any of the testator's children leaving issue, the parent's share of the income was to be paid to his or her issue; it also provided that in event of decease of any of his surviving children without issue, the deceased child's share of the income was to be paid to the remaining children.  Mrs. Peirce having died without issue, and Mrs. Davis being the only surviving child of the testator, this share of the income formerly paid to Mrs. Peirce should be paid to Mrs. Davis.  In our opinion the testator used the word " children " in its natural sense, to designate his immediate offspring, and in disposing of a share of income payable to one of his children during her lifetime, and on her death without issue to the remaining children, he did not mean to include grandchildren.  In the construction of a will words are not to be given an unusual meaning unless it appears that such a meaning was intended by the testator. The testator gave the share of income belonging to each child on his or her death to the issue of the deceased child; but if there were no issue the share was to go to his surviving children.  He distinguished between the word " issue " and the word " children " and had in mind the difference in the meaning of the two words.  *Lawrence* v. *Phillips*, 186 Mass. 320.  *Wheaton* v. *Batcheller*, 211 Mass. 223.  *Mullaney* v. *Monahan*, 232 Mass. 279.  On this point, we discover no ambiguity in the will.  It clearly shows the testator's intention, that on the death of Mrs. Peirce her share of the income should go to the testator's surviving child, Mrs. Davis.

It has frequently been decided that the word " child " and the word " children " should be construed to include grandchildren when this construction is necessary to carry

out the testator's intention.   See *Minot* v. *Taylor*, 129 Mass. 160; *Bowker* v. *Bowker*, 148 Mass. 198; *Balch* v. *Pickering*, 154 Mass. 363; *Boston Safe Deposit & Trust Co.* v. *Nevin*, 212 Mass. 232.   But the principle of these cases is not applicable to the case at bar, where the share of the daughter dying without issue is, by the express terms of the will, payable to the testator's " remaining.children during their lifetime."

A part of the share should not be accumulated and distributed with the principal on the death of Mrs. Davis, as contended by the guardian *ad litem*.   The will directs that the share of the deceased child in the income shall be paid on her death to the surviving child.   Costs as between solicitor and client are to be in the discretion of the Probate Court.

*Decree of the Probate Court affirmed.*