Matthias, J.
 

 It is quite manifest that the instruction given before argument, which was in substance that a verdict must be rendered for the defendants if the jury found that the automobile being towed struck the plaintiff as a result of the act of the person at the steering wheel of that automobile, is incorrect in its statement of the law applicable to the case, in view of the evidence disclosed by the record. A similar instruction was given in the general charge, and the court thereby determined as a matter of law that the defendants had no responsibility whatever for the action of the man at the steering wheel of the automobile being towed to defendant’s garage under the supervision of their agent and employee. These instructions took from the consideration of the jury one of the vital issues in the ease, for there was evidence tending to show negligence on the part of Simmons in the manner of guiding the towed car, and also that the collision resulted from his negligence.
 

 The relation of the defendants and Simmons, from which would arise their respective duties and responsibilities, was a question of fact to be determined by the jury from the evidence, under proper instructions by the court. Fleishman, the employee of the defendants, sent in response to- the call of Simmons to take possession of and tow to the defendants’ garage the stalled automobile, testified that, not having brought an assistant with him, he
 
 *556
 
 not only directed Simmons to take the steering wheel of the disabled car, but also instructed him as to the manner of operating and driving the towed car, and there is other evidence that Fleishman took full charge of the operation and assumed responsibility therefor. It is further disclosed that Simmons had no previous experience in guiding and steering a towed automobile. There is, therefore, evidence in the record tending to show that Simmons, though the owner of the car being towed, was acting for the defendants, and in the assistance which he rendered in the operation for which defendants were employed was under the supervision and direction of- defendants ’ employee.
 

 An employer is liable, not only for the negligence of his employee acting within the scope of his employment, but also for the negligence of one whom that employee procures to assist him in the discharge of his duties, where authority to procure such assistance is expressly conferred, or arises by implication from the circumstances or conditions under which the service is to be performed. 2 Mechem on Agency (2d Ed.), Section 1866; 1 Shearman & Redfield on Negligence (6th Ed.), Section 157;
 
 Hollidge
 
 v.
 
 Duncan,
 
 199 Mass., 121, 85 N. E., 186, 17 L. R. A. (N. S.), 982.
 

 It is contended, however, that the Court of Appeals should have affirmed the judgment, regardless of the error in the instructions relative to the liability of the defendants. This contention is based upon the application of the so-called “two-issue rule,” declared in the cases of
 
 Sites
 
 v.
 
 Haverstick,
 
 23 Ohio St., 626, and
 
 McAllister
 
 v.
 
 Hartzell,
 
 60 Ohio St., 69, 53 N. E., 715, and applied in several subsequent cases.
 

 
 *557
 
 This rule is iu substance that, where two issues are presented by the pleadings and submitted to the jury, and a general verdict is returned for one of the parties, and a finding in his favor upon either issue entitles him to a judgment, the issue having been tried and submitted without error the judgment so rendered will not be reversed for error relating exclusively to the other issue.
 

 It is urged that the instruction challenged in the instant case related only to the issue of negligence of the defendants, that the verdict may have been based upon a finding of contributory negligence of the plaintiff, that there was no error in the instructions in that respect, and hence, under the rule above stated, that the judgment should have been affirmed. This contention cannot be sustained. The erroneous instruction requested and given before argument not only fully and completely relieved the defendants from liability for certain acts of negligence charged and supported by substantial evidence, but specifically directed the jury that, if they found the collision resulted from those acts, the negligent acts of the driver of the towed car, then the “verdict must be for the defendants.” This instruction was specific and peremptory, and went far toward relieving the defendants of liability, if indeed it were not decisive of the entire case.
 

 The south side of the street over which the automobile was traveling was undergoing improvement by paving, and the space from the street car track to the curb had been excavated, and that excavation had been partially filled with fresh concrete. The record discloses that the towed automobile was caused to swerve or turn sharply at the point of
 
 *558
 
 the collision. The plaintiff claims that he was struck by the towed car when it was sharply turned back onto the pavement after having gone down into the fresh concrete, while the defendants claim that the driver of the towed automobile sharply turned into the fresh concrete in order to avoid striking the plaintiff. The act in question was the act of Simmons, and it is quite apparent, therefore, that the question of liability of the defendants for his negligent operation of the towed car was the vital question in the case, and after the instruction complained of it seems unlikely that the jury could have reached or considered the question of contributory negligence. However, the so-called “two-issue rule” can have no application in this case, for the further reason that there was also error in the general charge relative to contributory negligence. In the instruction, “If, in the course of plaintiff’s evidence, there arises a presumption that he, too, was guilty of negligence, then the burden of removing that presumption is upon the plaintiff, and he must remove that presumption by a preponderance of the evidence,” an unwarranted burden was placed upon the plaintiff, which was erroneous under the holding of this court by unanimous concurrence in the second paragraph of the syllabus of
 
 Tresise
 
 v.
 
 Ashdown, Admr.,
 
 118 Ohio St., 307, 160 N. E., 898.
 

 Judgment affirmed.
 

 Kinkade, Robinson, Jones, Day and Allen, JJ., concur.