## HOFFMAN v GOLDBERG

Ohio Appeals, 1st Dist, Hamilton Co

Decided March 30, 1931

Fred Weiland, Cincinnati, for Hoffman.
Kelley & Remke & Louis J. Schneider, Cincinnati, for Goldberg.

ROSS, J.

With ample evidence in the case justifying a verdict in favor of the plaintiff, we do not consider the verdict against the weight of the evidence.

The principal error assigned relates to the general charge of the court. The court said:

"The defendant, Dr. Goldberg, has set out as a defense and charges the plaintiff with contributory negligence, and is claiming that he violated certain sections of the ordinances of the city of Cincinnati, which are as follows:

" 'Section 74-192. Pedestrians shall not cross streets or highways except at regularly designated crossings, and then at right angles only.' "

The court then stated:

"In this case it is a conceded fact that the point at which the plaintiff, Mr. Hoffman, crossed the street was not a regular crossing, had not been designated as a regular crossing."

There is nothing in the record to substantiate this statement. It was made a vital question in the case. The plaintiff alleged that he crossed at a designated crossing, the

defendant alleged he did not. In this connection the burden was upon the defendant to prove by a preponderance of the évidence that the place where Hoffman crossed was not a designated crossing, in order to make applicable the city ordinances forbidding crossing elsewhere by pedestrians. There having been a failure of such proof, the ordinances were erroneously admitted. Loveless v Kirk, 34 O. L. R., 175.

The court further committed error by reading these ordinances in the charge and predicating thereon negligence of the plaintiff. The court further proceeding with the charge, stated:

"Section 74-18 provides: 'Street crossing shall mean the lane of pedestrian travel at intersecting streets or at points otherwise designated, the length of which shall be the distance between curbs, and the width shall be the width of the sidewalks at such points.'

"The defendant claims in this case that the plaintiff himself was negligent in that he crossed the street, or attempted to cross the street at a place that was not a regular crossing, or had not been designated by the city authorities as a place for pedestrians to cross the street. **And as I said before it is not denied in this case by the plaintiff that at this point where he crossed that it had not been designated as a crossing by the city authorities.**

"You are instructed that it was the duty of both the plaintiff and the defendant in their use of the public streets to observe and obey the state laws and the municipal laws passed for the regulation of the people in the use of the streets, either as pedestrians, or in the operation of motor vehicles; and that the violation on the part of either one of the city ordinances or of the state law is negligence per se. By that I mean the mere fact, if it is established, that either one or the other violated certain rules made by the General Assembly or made by the city for the use of the public streets, the mere violation is in itself negligence."

The court again committed error, prejudicial to plaintiff in error, in reciting another ordinance introduced by defendant and in again iterating the statement that plaintiff conceded that he was crossing at a place other than a designated crossing especially as he had alleged the contrary in his amended petition.

We quote further from the charge of the court, for the reason that this part, in our opinion, taken together with the other portions quoted indicates an undue emphasis upon the plaintiff's alleged contributory negligence:

"Negligence, that is the general definition of negligence is the failure to exercise ordinary care. Now ordinary care is that degree of care that ordinarily prudent persons are accustomed to use under the same or similar circumstances. Negligence for which a person is liable is only such negligence as was the proximate or the direct cause of an injury complained of.

"By proximate cause the court means the cause without the happening of which the injury in this particular case complained of would not have occurred.

"You are instructed that merely because of the collision, or merely because of Dr. Goldberg running his car against the defendant, that is not the basis of liability; merely because Mr. Hoffman was injured while crossing the street, that in itself does not warrant the jury in bringing in a verdict for the plaintiff.

"The burden of proof is upon the plaintiff; he must prove by a preponderance of the evidence that his injuries were caused solely, were caused approximately or solely by the failure on the part of Dr. Goldberg to observe the state law in the operation of his automobile; that is, in the fact that he was at that time operating his automobile at an unlawful rate of speed, or that he was not equipped with the lights that are required by the city ordinance, or that at the time he did not have them lighted as required by the city ordinance. The basis of his liability as I said before, is that due to one or the other acts of negligence on his part he ran into Mr. Hoffman and caused his injuries.

"Now as to the claim of contributory negligence: Contributory negligence is that situation in which you would find both the plaintiff Mr. Hoffman, and the defendant, Dr. Goldberg, negligent; Dr. Goldberg negligent in one of the ways claimed in plaintiff's petition, and the defendant Mr. Hoffman negligent in one or the other of the ways claimed by Dr. Goldberg, and the negligence of the two of them at the same time, concurring, operating together, was the cause of the collision between Dr. Goldberg's car and the plaintiff.

"You are instructed that if the plaintiff, Mr. Hoffman, was in any way negligent himself that was the proximate cause or contributing cause of him being struck by Dr. Goldberg's car, then under the law he is not entitled to recover in this case. The law is that where two persons are negligent, and the one or the other is injured, that neither can recover of the other; it is only

where the negligence of a person is the sole and only cause of a person being injured that he can recover. One cannot recover in the case in which he has been a party to the negligence that occasioned his own injury. That is the law in this state."

And, again, the court stated:

"I should charge you that the burden of proof as to contributory negligence is upon the defendant Dr. Goldberg. You are instructed that if the plaintiff's own testimony is such as to raise an inference in your mind as to negligence on his part that contributed to his injury, that he cannot recover in this case unless he has produced testimony that relieves, or by a preponderance of the evidence relieves him of that inference of negligence. Otherwise, the burden of proof is upon the defendant to prove contributory negligence in order to defeat a recovery in this case on that ground."

This portion of the charge is manifestly erroneous, since the plaintiff is only bound to introduce evidence "tending to dispel such inference." C. C. C. & St. L. Ry. Co. v Lee, Admr., 111 Oh St, 391. He is not required by a preponderance of the evidence to relieve himself of the inference.

While a technical analysis of the charge may show that the court left to the jury the proximate cause of the injury to plaintiff, when it is considered that the court stated to the jury that the plaintiff conceded that he had crossed the street at a point not a designated crossing, and that the city ordinances made such crossing unlawful, and that a violation of the ordinances was negligence per se, and that if plaintiff's own testimony raised a presumption of negligence, he must produce "testimony" relieving himself of such inference by a "preponderance" of the evidence, it is our conclusion that the general effect of such charge was to fix culpability upon the plaintiff to such an extent that a verdict in his favor was impossible.

My associates feel that the questions of negligence and contributory negligence do not present two separate issues, but only one issue, and that that is the issue of proximate cause; and that, therefore, the long line of cases holding that error upon one issue presented will not be sufficient to overturn a judgment rendered for the defendant, if justifiable, upon another issue from error, is inapplicable. The issue is so well-defined that I feel it must be squarely met. Sites v Haverstick, 23 Oh St, 626; Tod v Wick Brothers & Co., 36 Oh St, 370,

389; Beecher v Dunlap, 52 Oh St, 64, 38 NE, 795; National Union v Rothner, 57 Oh St, 679, 50 NE, 1131; McAllister v Hartzell, 60 Oh St, 69, 53 NE, 715; State ex rel Lattanner v Hills, 94 Oh St, 171, 113 NE, 1045, L. R. A., 1917B, 684; Jones v Erie R. R. Co., 106 Oh St, 408, 140 NE, 366; Oschner, Admr., v Cincinnati Traction Co, 107 Oh St, 33, 140 NE, 644; Hubert v Kessler, Trustee, 108 Oh St, 584, 142 NE, 38.

Reference to the decisions amply sustains the conclusion that contributory negligence is an issue distinct from negligence. Cincinnati Traction Co. v Forrest, 73 Oh St, 1; Cincinnati Traction Co. v Stephens, Admr., 75 Oh St, 171; Glass, etc. v Wm. Heffron Co., 86 Oh St, 70; Rayland Coal Co. v McFadden, Admr., 90 Oh St, 183; Jones v Erie R. R. Co., supra; Gibbs v Scioto Valley Ry. & Power Co., 111 Oh St, 498.

Negligence and contributory negligence have been recognized as two separate issues in applying the rule pronounced in Sites v Haverstick, supra; Scioto Valley Ry. & Power Co. v Rutter, 112 Oh St, 500, 505; Cowley, etc., v Bolander, 120 Oh St, 553, 558; Palm v Traction Co., 32 Oh Ap., 89, 93; Fach, Admr., v Canton Yellow Cab Co., 36 Oh Ap, 247, 249, 250.

While the wisdom of the rule may be questioned, especially when applying it to such a case as the instant case, it is too well established to evade, though it is applied with reluctance, where absolutely necessary. I do not consider the instant case requires its application.

Even though there be only error in the charge upon the issue of contributory negligence, and no error upon the issue of the negligence of the defendant in the instant case, the error committed against the plaintiff is so pronounced that it is impossible to imagine that the jury was not wholly influenced thereby.

In Crowley v Bolander, supra, it is stated, p. 558:

"The act in question was the act of Simmons, and it is quite apparent, therefore, that the question of liability of the defendants for his negligent operation of the towed car was the vital question in the case and after the instruction complained of it seems unlikely that the jury could have reached or considered the question of contributory negligence."

The reason assigned for the general rule is that, in the absence of interrogatories it is impossible for the reviewing court to ascertain upon what issue the jury rendered its verdict. In many cases it might be easily presumed that, even in the presence

of prejudicial error upon the issue of contributory negligence, the jury may have determined that the defendant was not negligent. In the instant case no such difficulty is presented, and when the error is so prejudicial to the plaintiff as to leave no doubt in the minds of a reviewing court as to its conclusive effect upon the jury, the reason for the general rule has ceased to exist, and there is no reason for its application.

Thus viewing the case, this court holds, though for different reasons, that there was error in the record prejudicial to the plaintiff in error, and that the judgment of the Court of Common Pleas must be reversed, and the cause remanded for a new trial.

HAMILTON, J, concurs.

I concur in the judgment of reversal in this case, for the reason that the court erred in its charge to the jury on the question of contributory negligence.

The defendant in error seeks to overcome this error by applying what is known as the "two issue rule," laid down in the case of Sites v Haverstick, et, 23 Ohio St, 626. While I have serious doubts as to whether or not negligence and contributory negligence constitute two issues in a negligence case within the meaning of the "two issue rule," I am clearly of the opinion that the rule does not apply in the case of negligence and contributory negligence, for the reason that these questions are so interwoven and connected that error concerning negligence or contributory negligence, must necessarily influence both questions.

No negligence and contributory negligence are matters of defense.

It has been held by the Supreme Court of Ohio that different grounds of negligence alleged in the petition do not make separate issues in a negligence case. Culbertson Co. v Warden, 123 Oh St, 297. Why it should be held that different grounds of defense should constitute separate issues, when separate allegations of negligence in the petition do not, is difficult to comprehend.

The Haverstick case was an action to recover possession of real estate. The title was claimed by descent and the issue was made as to the validity of the marriage by which the title would be defeated. Defendant claimed a release to title and an issue was made as to whether the deed of release was obtained by fraud. There was a general verdict in favor of defendants. The court stated in a short paragraph opinion that it "must be understood that both issues were found in favor of defendants. The jury

therefore found that a valid deed of release had been executed by plaintiff to the defendants. It is immaterial, therefore, to inquire whether the court erred in its instructions touching the marriage, as those instructions could in no wise affect the result of the case or prejudice the plaintiff."

It, therefore, appears that there were two separable, distinct, disconnected issues in that case. However that may be, the decision has been many times unduly extended.

Contributory negligence necessarily presupposes negligence. There could be no contributory negligence without negligence. Liability for negligence is defeated by contributory negligence. It would, therefore, seem that the one issue, "of whose negligence, or what negligence" caused the plaintiff's injury is the real question and the only one in the case.

There have been innumerable attempts to apply the so-called two issue rule in negligence cases. The digest shows there have been more than seventy-five cases reviewed and reported on this point, nearly all of which causes have been negligence cases. And in the greater number of these negligence cases the attempt is made to apply the so-called two issue rule, as laid down in the Haverstick case. I have examined the greater number of these reported cases, and I have not been able to find a single case in the Court of Appeals or in the Supreme Court decisions on the question wherein the rule was recognized and followed as applicable to the case. In the cases so reported the courts have endeavored to distinguish the Haverstick case as not applicable, or, by ingenious argument, have sought to show that it was inapplicable, but the clear result and effect of those decisions is to refuse to apply and follow the Haverstick case in cases involving negligence and contributory negligence. The nearest the Supreme Court has come to applying the rule is in the case of Jones v Erie R. R. Co., 106 Oh St, 408. This case involved the defense of assumed risk under the Federal employers' liability act. The error claimed was in the instruction of the court on the question of assumed risk. There were other defenses, including the defense of contributory negligence. The Supreme Court in the opinion holds that there being other defenses, and no error being claimed concerning the other defenses, that the error in the instruction on the question of assumed risk must be disregarded, thereby applying the so-called two issue rule on the authority of the Haverstick case. However, it is stated in the course of the opinion:

"We have carefully examined the record of the evidence upon this issue, and the instruction of the court to the jury in the charge upon that subject, and we concur in the opinion of the court of appeals that there was competent, material evidence introduced by the defense to support the issue made by the general denial, and that in the introduction of such evidence, and in the charge of the court on that feature of the case, no error intervened."

This observation indicates that the court considered the evidence in the case as favorable to the defendant on the other questions, which in the interest of justice would support the judgment and thus fortified the decision.

In the case of **Tresise v Ashdown, 118 Oh St, 307,** there was a general verdict for the defense. Judgment was reversed by the Court of Appeals, and that judgment was affirmed by the Supreme Court, for error in the charge on the burden of proof necessary to remove the presumption of contributory negligence raised by the plaintiff's own testimony. It is apparent, therefore, that the court did not apply the so-called two-issue rule in this case, notwithstanding the general verdict.

In the following recent cases the Court of Appeals has failed and refused to apply the so-called two issue rule on the question of negligence and contributory negligence, doing so, either by ignoring the rule, or endeavoring to distinguish it. **Kushlan, Admr., v Coach Lines Co., 33 O. L. R., 643; Featherstone, etc. v Cleveland Ry. Co., 32 Oh Ap, 93; Scioto Valley Ry. & Power Co. v Rutter, Admx., 112 Oh St, 500, at p. 505; Lopa v Smith, 37 Oh Ap, 346; The H. E. Culbertson Co. v Charles E. Warden, 123 Oh St, 297.**

An examination of these cases leads me to the conclusion that if the Haverstick case was ever intended to apply to a case involving negligence and contributory negligence, it has not been so applied, and is not the rule in Ohio. My conclusion is that the propositions are so connected and interwoven in their effect on the question of negligence that error on either proposition necessarily affects the other and constitutes reversible error, if prejudice results.

I believe the rule is harsh and unsound, in that it presumes in effect that the jury was influenced in arriving at a verdict by the erroneous rule of law given it by the court on one issue, and was guided solely by a correct charge on the other issue. It should be and is avoided whenever possible.

Many of the state and Federal courts have a different rule. The rule in the Federal courts is that error of law on any issue presumably affects the verdict of the jury, notwithstanding the verdict may be general. This is a better rule, and would materially aid in arriving at the ends of justice, which after all is the real question in any law suit.

CUSHING, J, concurs with reasoning of HAMILTON, J, and in the judgment of reversal.