Day, J.
 

 The question for determination is whether the trial court erred in admitting this testimony.
 

 It is our opinion that the testimony was inadmissible on the ground that it was calculated to make an appeal to racial prejudice and tended thereby to impair the impartiality of the trial.
 

 It is common knowledge that racial prejudice is
 
 *452
 
 easily aroused, and when injected into a case, more often than not, becomes a factor-which controls and dominates the minds of the jurors to the exclusion of any other consideration, preventing their fair and deliberate judgment upon the issues submitted to them for determination. "While we cannot, with certainty, say that the testimony here challenged did in fact arouse such prejudice, nothing to the contrary appearing in the record, it is reasonable to assume, from the natural tendency to do so, that such was the case, and that the rights of the plaintiff were thereby prejudicially affected.
 

 Where, in a cause tried to a jury, testimony is admitted tending to arouse racial prejudice against an adversary, over his objection, and nothing affirmatively appears in the record to show that its admission did not prejudicially influence the jury against him, such influence will be presumed and the admission of the testimony will be deemed prejudicial.
 

 In
 
 Vicksburg & Meridian Rd. Co.
 
 v.
 
 O’Brien,
 
 119 U. S., 99, 30 L. Ed., 299, 7 S. Ct., 118, the United States Supreme Court said: “While this court will not disturb a judgment for an error that did not operate to the substantial injury of the party against whom it was committed, it is well settled that a reversal will be directed unless it appears, beyond doubt, that the error complained of did not and could not have prejudiced the rights of the party.”
 

 The testimony here challenged was admitted by the trial court on the theory that it might shed some light on'the outcries made by plaintiff’s wife, as testified to by plaintiff’s medical witness, and not for any other purpose. In support of the court’s' position, defendants contend that testimony which is competent for one purpose and incompetent for another is admissible for the purpose for which it is competent, and the
 
 *453
 
 fact that the jury may erroneously use it for another purpose does not warrant its exclusion.
 

 The rule is correct so far as it goes. However, where the risk of prejudice and confusion attending its admission is' so great as to “upset the balance of practical advantage” it should be excluded. “Evidence * * * inadmissible * * * for one purpose but not
 
 * * *
 
 for another * * * should be excluded # * where the * * * risk of confusion is so great as to upset the balance of practical advantage.”
 
 Shepard
 
 v.
 
 United States,
 
 290 U. S., 96, 78 L. Ed., 196, 54 S. Ct., 22, paragraph five of the syllabus.
 

 We believe that the prejudice which the testimony tended to engender against plaintiff far outweighed its probative usefulness to defendants, confusing the jury and giving to defendants an unfair advantage over plaintiff.
 

 True, testimony which tends to shed light upon an issue is admissible. However, testimony, the natural tendency of which is to arouse racial prejudice, cannot be said to be shedding light. On the contrary, its effect is to becloud the issue so as1 to make the truth more obscure than revealing.
 

 The testimony was further objectionable on the ground that it was offered as a premise for a false inference, namely, that the mental incompetency of plaintiff’s wife, a member of the colored race, was to be legally measured by a standard different from that applicable to the generality of mankind. Such inference is wholly unwarranted in law.
 

 The mental competency of a member of the colored race is to be legally measured, and the cause of incompetency is to be legally determined, by a standard no different from that applied to members of any other race. In the eyes of the law, all stand equal. “The law knows no color; indeed, it is color-blind. The goddess of justice is represented with bandaged
 
 *454
 
 eyes in order that she may neither see nor know either suitor, as she holds the scales of justice with an even and impartial hand.”
 
 Atlanta Coco-Cola Bottling Co.
 
 v.
 
 Shipp,
 
 170 Ga., 817, 154 S. E., 243, 71 A. L. R., 1295.
 

 Defendants contend that, if the admission of this testimony be found to have been prejudicially erroneous, the judgment, notwithstanding that fact, cannot be disturbed under the two-issue rule.
 

 The two-issue rule, so-called, originally announced in
 
 Sites
 
 v.
 
 Haverstick,
 
 23 Ohio St., 626, and upheld in a long line of cases, may be stated thus: Where a general verdict is returned by a jury for one of the parties in a cause involving two or more issues and the record does not affirmatively disclose, by answer to interrogatories or otherwise, upon which of the issues the verdict was based, the judgment rendered thereon will not be disturbed if a single determinative issue has been tried and submitted to the jury without prejudicial error. In such case, error relating exclusively to the remaining issue, or issues, will be disregarded.
 
 Tod
 
 v.
 
 Wick Bros. & Co.,
 
 36 Ohio St., 370;
 
 Beecher
 
 v.
 
 Dunlap,
 
 52 Ohio St., 64, 38 N. E., 795;
 
 McAllister
 
 v.
 
 Hartzell,
 
 60 Ohio St., 69, 53 N. E., 715;
 
 National Union
 
 v.
 
 Rothner,
 
 57 Ohio St., 679, 50 N. E., 1131;
 
 State, ex rel. Lattanner,
 
 v.
 
 Hills,
 
 94 Ohio St., 171, 113 N. E., 1045, L. R. A. 1917B, 684;
 
 Niemes
 
 v.
 
 Niemes,
 
 97 Ohio St., 145, 119 N. E., 503;
 
 Jones
 
 v.
 
 Erie Rd. Co.,
 
 106 Ohio St., 408, 140 N. E., 366;
 
 Ochsner, Admr.,
 
 v.
 
 Cincinnati Traction Co.,
 
 107 Ohio St., 33, 140 N. E., 644;
 
 Hubert
 
 v.
 
 Kessler,
 
 108 Ohio St., 584, 142 N. E., 38;
 
 H. E. Culbertson Co.
 
 v.
 
 Warden,
 
 123 Ohio St., 297, 175 N. E., 205;
 
 Knisely
 
 v.
 
 Community Traction Co.,
 
 125 Ohio St., 131, 180 N. E., 654;
 
 Binder
 
 v.
 
 Youngstown Ry. Co.,
 
 125 Ohio St., 193, 180 N. E., 899;
 
 Swoboda
 
 v.
 
 Brown,
 
 129 Ohio St., 512, 196 N. E., 274;
 
 Fourth & Central Trust Co.
 
 v.
 
 Rowe, Admr.,
 
 122 Ohio St., 1, 170 N. E., 439.
 

 
 *455
 
 The court, however, declined to apply the rule in cases where the prejudicial error committed affected all the issues or was decisive of the entire case. See
 
 Cowley
 
 v.
 
 Bolander,
 
 120 Ohio St., 553, 166 N. E., 677;
 
 Gross
 
 v.
 
 Ohio Savings & Trust Co.,
 
 116 Ohio St., 230, 156 N. E., 205;
 
 Scioto Valley Ry. & Power Co.
 
 v.
 
 Rutter, Admx.,
 
 112 Ohio St., 500, 147 N. E., 910;
 
 Cleveland Ry. Co.
 
 v.
 
 Masterson,
 
 126 Ohio St., 42, 183 N. E., 873, 92 A. L. R., 15.
 

 Racial prejudice, though introduced with respect to one issue, has the inherent propensity of vitally affecting all issues and of striking a decisive blow to the entire case. We are of the opinion that the testimony here challenged had such effect, and it is reasonable to suppose that it influenced the general verdict of the jury. Under the circumstances, the two-issue rule does not apply.
 

 Where testimony is admitted as to one issue, which has the natural tendency of engendering racial prejudice against the losing party as to all issues, the two-issue rule does not apply, and the presumption will be indulged that such testimony influenced the general verdict of the jury, and the judgment rendered thereon will be reversed.
 

 With respect to the question of the completeness of the record, suffice it to say that it is sufficiently adequate to' present to this court for review the errors complained of.
 

 Judgment reversed cmd cause remanded.
 

 Weygandt, C. J., Matthias, Zimmerman, Williams, Myers and Gorman, JJ., concur.