CARROLL, CHAS., Chief Judge.
Appellants, who were plaintiffs in the civil court of record, have appealed from an adverse judgment entered on a directed verdict for the defendant.
*601 A truck, owned by the appellant Davis, and driven by his agent Brown, was being used to transport 1,500 gallons of milk belonging to the appellant Davis Dairy Farms, Inc. Some lug bolts securing the right rear wheel became sheared. The appellee-de-fendant Riggle responded to a call for a wrecker, and undertook, as an independent contractor, to return the loaded milk truck to the dairy.
Riggle backed his wrecker vehicle up to the rear of the milk truck, and attached the cable from his wrecker hoist to the right rear of the truck. He removed the right rear wheel. Riggle’s need for an assistant was supplied when Brown volunteered to sit in the truck, which was to be towed backwards, and to guide its front end. Riggle accepted Brown’s help and gave Brown instructions about such steering. The towing commenced, and at the second turn which was made the milk truck overturned.
Davis sought recovery for damages to the miUc truck and for loss of use thereof, and the dairy company sought damages for the loss of the cargo of milk.
The issues presented at the trial related to whether the defendant Riggle was negligent in his method of procedure (for removing the wheel, and by towing the truck by means of a chain from the hoist instead of by a tow bar), and the question of negligence of the truck driver Brown.
The evidence on whether Riggle was negligent was in conflict. The same applies to the question of negligence of Brown. As to Brown, there was evidence that the position in which the front wheels of the truck were left, after it turned over and had come to rest, indicated that he had turned them in the wrong direction and contrary to the instructions given him by Riggle. Brown maintained otherwise.
A motion for directed verdict made by the defendant at close of the plaintiff’s case was denied. The motion was renewed at the close of all the evidence, and ruling thereon was reserved by the court.
The case went to the jury, who later reported their inability to agree. At that point in the trial, in the presence of the jury, counsel for both sides moved for a directed verdict, each contending that the only verdict justified on the evidence would be one for his client. The court then directed a verdict for the defendant. A new trial was denied and this appeal was prosecuted.
Under Rule 2.7(b), 1954 Florida Rules of Civil Procedure, the motion for directed verdict could be granted after the jury disagreed, but as stated in “Authors’ Comment” in the annotation under that rule in 31 F.S.A., “Under Rule 2.7(b) if the jury fails to agree, a party may renew his motion for a directed verdict, but where there is evidence of a substantial character which, if believed by the jury, would require a verdict for his adversary, the court should permit a retrial and deny the motion for a directed verdict.”
Here quite definitely there was substantial evidence on which a jury could have found the defendant Riggle was guilty of negligence proximately causing the losses which occurred.
Also there was a triable issue as to negligence of the driver Brown. If it is made to appear from the evidence that by request or by volunteering Brown became the helper for the wrecker Riggle, and that he was acting under Riggle’s authority and instructions in the operation, that would justify determination that Brown was then acting as a servant of Riggle. In that status, if Brown’s negligence was established, his negligence would not preclude recovery by plaintiffs, but could be a basis for imposing liability on Riggle, aside from and in addition to any showing of negligence on the part of Riggle himself. Cowley v. Bolander, 120 Ohio St. 553, 166 N.E. 677; Hanks v. Landert, 37 Wash.2d 293, 223 P.2d 443, 30 A.L.R.2d 1012.
On the determinative question of whether or not the trial court committed error in granting the motion for directed verdict in favor of the defendants after the jury in *602 this case had reported a disagreement, we hold that the case presented facts sufficient under the holdings of the Supreme Court in Dehon v. Heidt, Fla.1949, 38 So.2d 39; Goff v. Miami Transit Company, Fla.1955, 77 So.2d 636; and Cadore v. Karp, Fla.1957, 91 So.2d 806, to require submission of the case to the jury and when the jury could not agree upon a verdict, then to re-submit it to another jury.
Accordingly, the judgment appealed from is reversed, and the cause remanded for a new trial.
Reversed and remanded.
HORTON and PEARSON, JJ., concur.