286

BROWN, APPELLEE, *v.* GENERAL MOTORS CORP., APPELLANT, ET AL.

(No. 73-863—Decided June 26, 1974.)

*Messrs. Larrimer & Larrimer* and *Mr. Craig Aalyson,* for appellee.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Russell P. Herrold, Jr.,* and *Mr. Robert E. Leach,* for appellant.

WILLIAM B. BROWN, J. The basic question presented is whether the exclusion of medical testimony, offered as reasoning for the witness' medical opinion, is prejudicial error. In paragraph three of the syllabus in *Fox* v. *Indus. Comm.* (1955), 162 Ohio St. 569, this court held:

"Where a medical expert witness answers a hypothetical question based upon testimony properly admitted, it is error to exclude the testimony of such witness as to his reasons for his answer."

Applying the *Fox* principle to the facts of this case, we find that the exclusion of the testimony in question by the trial court was error. We also find that prejudice intervened, because (1) the excluded portion of testimony was the only evidence adduced for the purpose of establishing causal connection between an accidental injury and succeeding harm or disability and (2) such testimony was presented in deposition form and excluded at trial, thus it was not subject to rehabilitation.

However, conceding, *arguendo,* that the exclusion of the testimony was erroneous, appellant asserts that the judgment of the trial court should be upheld by application of the two-issue rule.

The two-issue rule originated in *Sites* v. *Haverstick* (1873), 23 Ohio St. 626, and is aptly stated in *H. E. Culbertson Co.* v. *Warden* (1931), 123 Ohio St. 297, at 303, as follows:

"* * * where there are two causes of action or two defenses, thereby raising separate and distinct issues, and a general verdict has been returned, and the mental processes of the jury have not been tested by special interrogatories to indicate which of the issues was resolved in favor of the successful party, it will be presumed that all issues were so determined; and that, where a single determinative issue has been tried free from error, error in presenting another issue will be disregarded." See, also, paragraph four of the syllabus in *Centrello* v. *Basky* (1955), 164 Ohio St. 41, and paragraph three of the syllabus in *Bush* v. *Harvey Transfer Co.* (1946), 146 Ohio St. 657.

Appellant submitted a designation of "issues" to the Court of Common Pleas, which reads:

"1. Did plaintiff receive an injury at work on or about November 6, 1969?

"2. If plaintiff did receive an injury at work on or about November 6, 1969, was said injury directly caused by external accidental means or accidental in character and result?

"3. If plaintiff did receive an injury at work on or about November 6, 1969 which was directly caused by ex-

ternal accidental means or accidental in character and result, was said injury the direct cause of the low back disability which she claims?"

Appellant urges that those questions involve three issues. We disagree.

"In a workmen's compensation case, the sole issue is whether the claimant is entitled to participate or to continue to participate in the State Insurance Fund. * * *" *Parletto* v. *Indus. Comm.* (1942), 140 Ohio St. 12, paragraph one of the syllabus.

The three questions proposed by appellant as "issues" are but component parts of a single issue. "They might all have been stated in a single sentence" (*H. E. Culbertson Co.* v. *Warden, supra,* at page 303), and are cumulatively interdependent. Accordingly, we hold that the two-issue rule does not apply in a workmen's compensation case.

Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, CELEBREZZE and P. BROWN, JJ., concur.

STERN, J., dissenting. I disagree with the position taken by the majority that the two-issue rule does not apply in workmen's compensation cases. In so holding, the majority disregards the basic principle underlying the two-issue rule, viz., where the jury's answer to a separate "question of law and fact" may decide the entire case, such "question" of necessity becomes a "determinative issue" of the case and, thereby, an "issue" within the meaning of the two-issue rule. It is true that in a workmen's compensation case the jury ultimately decides whether the claimant should participate in the Workmen's Compensation Fund. However, that determination by the trier of the facts represents a verdict based upon other issues submitted to the jury. In this case, those issues were: (1) Did the claimant receive an injury at work; (2) if the claimant received such injury, was it caused by accidental means; and (3) if the claimant received such injury, and such injury was

caused by accidental means, was said injury the direct cause of the disability she now claims?

The majority contends that those three questions are but component parts of a single issue. To me, this holding ignores the summarization of the two-issue rule in *Acrey* v. *Bauman* (1938), 134 Ohio St. 449, 454, 17 N. E. 2d 755. In order for a claimant to participate in the Fund the jury would have to answer in the affirmative all three issues presented it. To me, this is no different than, *e. g.*, a personal injury case, where the jury returns a general verdict based upon specific issues presented to it, such as: Was the tort feasor negligent? If so, was such negligence the proximate cause of plaintiff's alleged injuries? and, if so, did the plaintiff prove the amount of damages?

In the instant case, upon the issues defined by the trial court in his charge, the jury found for the employer. Under the two-issue rule, in the absence of interrogatories, it must be presumed that the claimant failed to establish, by the proper degree of proof, at least one of the basic and determinative issues presented.

I do not agree that the exclusion of Dr. Birrer's testimony prejudiced claimant's case. As the hypothetical question was propounded to the medical witness, the first sentence of the answer, as set forth in the statement of facts, was responsive. The latter portion of the answer was not. In any event, the jury never heard the second sentence of the answer, since the testimony was taken by deposition and the ruling was made in the absence of the jury

Upon a review of the record, it is my judgment that (1) the trial court properly excluded the objectionable portion of the medical testimony in question, (2) this exclusion, in no manner prejudiced claimant's rights to participate in the Fund as a result of the accident alleged by claimant, and (3) even assuming, *arguendo*, that the proffered medical testimony should have been admitted in evidence, the two-issue rule mandates a result contrary to that of the majority.

I would reverse the judgment of the Court of Appeals and reinstate the judgment of the Court of Common Pleas.