[Cite as *Jacovetty v. Browning Ferris Indus.*, 2021-Ohio-1400.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

ROBERT JACOVETTY,

      Plaintiff-Appellant,        :

                                     No. 109475

      v.                              :

BROWNING FERRIS INDUSTRIES    :
OF OHIO, ET AL.,

      Defendants-Appellees.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED
**RELEASED AND JOURNALIZED:** April 22, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-905833

---

### *Appearances:*

Seaman & Associates, David L. Meyerson, and Shaun H. Kedir, *for appellant.*

Taft Stettinius & Hollister, L.L.P., Timothy L. Zix, Christopher B. Ermisch, and Cary M. Snyder, *for appellees* Browning Ferris Industries of Ohio.

EMANUELLA D. GROVES, J.:

{¶ 1} Plaintiff-appellant, Robert Jacovetty ("Jacovetty"), appeals from the trial court's order granting defendant-appellee Browning Ferris Industries of Ohio's ("BFI") motion for a new trial. For the reasons set forth below, we reverse.

## Facts and Procedural History

{¶ 2} Jacovetty began working for BFI in February 1991 a few months after being honorably discharged from the army. He worked as a roll-off driver doing residential trash pickup and then moved to commercial trash pickup after a few years. In 2014, having worked for BFI for 23 years, Jacovetty developed bilateral carpal tunnel syndrome. Jacovetty subsequently applied for workers' compensation benefits. The Industrial Commission of Ohio allowed the claim determining that Jacovetty's bilateral carpal tunnel syndrome was a workplace injury, and he qualified for workers' compensation benefits. Jacovetty continued to work for BFI during this time and after surgery returned to his former duties.

{¶ 3} In May 2016, Jacovetty filed for an additional allowance of benefits for osteoarthritis of the first carpometacarpal joint of the right thumb ("osteoarthritis"). The industrial commission denied that claim. After exhausting all administrative remedies, Jacovetty appealed the denial to the Cuyahoga County Common Pleas Court ("the trial court").

{¶ 4} Before the trial court, Jacovetty argued that he was entitled to benefits for osteoarthritis under two theories: 1) the osteoarthritis was caused by his employment, and 2) his osteoarthritis was aggravated by his employment. The case proceeded to a jury trial.

{¶ 5} The trial court provided two jury forms, one that asked whether Jacovetty was entitled to participate in the workers' compensation fund due to substantial aggravation of his osteoarthritis; the other, asking whether Jacovetty

was entitled to participate in the workers' compensation fund due to his osteoarthritis. The second form did not mention direct causation. The jury ultimately found in favor of Jacovetty on both verdict forms. The jury was subsequently discharged.

{¶ 6} After the jury was discharged, BFI objected and requested judgment notwithstanding the verdict arguing that the verdict forms were in the alternative. The parties briefed the issues. In its brief, BFI requested a new trial, or in the alternative, judgment notwithstanding the verdict. The trial court denied BFI's request for judgment notwithstanding the verdict but granted BFI a new trial. The trial court found that the verdicts were contrary to law and inconsistent under Civ.R. 59(A)(7). Jacovetty appealed this decision.

## Standard of Review

{¶ 7} The role of this court, when reviewing the grant or denial of a motion for new trial based upon Civ.R. 59(A)(7), is to decide whether the judge erred as a matter of law. *Riedel v. Akron Gen. Health Sys.,* 2018-Ohio-840, 97 N.E.3d 508, ¶ 13 (8th Dist.), citing *Baeppler v. McMahon,* 8th Dist. Cuyahoga Nos. 74938, 75131, and 76042, 2000 Ohio App. LEXIS 1653, 16-17 (Apr. 13, 2000)*; Pangle v. Joyce,* 76 Ohio St.3d 389, 391, 667 N.E.2d 1202 (1996); *O'Day v. Webb,* 29 Ohio St.2d 215, 280 N.E.2d 896 (1972), paragraph one of the syllabus.

{¶ 8} Civ.R. 59(A)(7) allows a new trial where the judgment is contrary to law and requires a de novo review. *Riedel* at *id.* When a court designates that a judgment is contrary to law, the question presented is one of law that requires a

review of facts and evidence; it does not involve a consideration of the weight of the evidence or credibility of the witnesses. *Baeppler* at ¶ 16*.*

## Ohio's Workers Compensation Framework

{¶ 9} Ohio's workers' compensation framework provides the exclusive statutory remedy for workplace injury. R.C. 4123.74; *Clendenin v. Girl Scouts of W. Ohio*, 150 Ohio St.3d 300, 2017-Ohio-2830, 81 N.E.3d 438, ¶ 9. R.C. 4123.95 requires the statutory requirements of Chapter 4123 to be liberally construed in favor of the employee. Under this statutory framework, claimants and employers can appeal the decision of the industrial commission to the common pleas court only when the order grants or denies the claimant's right to participate in the workers' compensation fund. *State ex rel. Liposchak v. Indus. Comm.,* 90 Ohio St.3d 276, 278-279, 737 N.E.2d 519 (2000), citing *Felty v. AT&T Technologies, Inc.*, 65 Ohio St.3d 234, 237, 602 N.E.2d 1141 (1992); *Zavatsy v. Stringer,* 56 Ohio St.2d 386, 384 N.E.2d 693 (1976), paragraph one of the syllabus. "The ultimate question in a workers' compensation appeal is the claimant's right to participate in the fund for an injury received in the course of, and arising out of, the claimant's employment." *Starkey v. Builders Firstsource Ohio Valley, L.L.C.,* 130 Ohio St.3d 114, 2011-Ohio-3278, 956 N.E.2d 267, ¶ 17; *Benton v. Hamilton Cty. Educational Serv. Ctr.*, 123 Ohio St.3d 347, 2009-Ohio-4969, 916 N.E.2d 778, ¶ 8; *Ochs v. Admr., Bur. of Workers' Comp.,* 8th Dist. Cuyahoga No. 93824, 2010-Ohio-2103, ¶ 9. If the injury has a causal connection to the claimant's employment, the claimant is entitled to

benefits.  *Id.* at ¶ 17*; Woods v. Bur. of Workers' Comp.*, 2016-Ohio-237, 57 N.E.3d 468, ¶ 25 (2d Dist.).

## Law and Argument

**{¶ 10}** Jacovetty has assigned one error for our review:

> The Trial Court erred in granting Defendant-Appellee Browning Ferris Industries of Ohio's Motion for New Trial.

**{¶ 11}** Jacovetty divided the error into five issues, which we will address in order of relevance.  We find merit in Jacovetty's first issue that he stated as follows:

> Issue One:  While Verdict Form One mentioned substantial aggravation, Verdict Form Two did not mention a specific causation theory.  Verdict Form Two only addressed the ultimate issue on appeal, which is the right to participate in the workers' compensation fund.  Did the Trial Court err in finding that the two verdict forms were contrary to law?

**{¶ 12}** Jacovetty's argument is in two parts.  First, he argues that the sole issue in a worker's compensation case is the employee's right to participate in the workers' compensation fund.  Second, he argues that verdict form two only asked whether Jacovetty had a right to participate, not whether his work was the direct cause of his osteoarthritis; and therefore, the jury's verdicts were not contradictory.

**{¶ 13}** The jury was given two verdict forms that they completed.  They read as follows:

> 1. We, the jury, impaneled in the above-entitled action, the undersigned members concurring therein for a verdict, find and say that we find that the plaintiff, Robert Jacovetty, *is entitled to participate* in the Ohio Workers' Compensation Fund for the condition of substantial aggravation of preexisting osteoarthritis of the first metacarpal joint of the right thumb as having occurred while in the course of and arising out of his employment with defendant, Browning-Ferris Industries of Ohio.

2. We, the jury, impaneled in the above-entitled action, the undersigned members concurring therein, find that the plaintiff, Robert Jacovetty, *is entitled to participate* in the Ohio Workers' Compensation Fund for the condition of carpometacarpal joint osteoarthritis of the right thumb.

(Emphasis added.)   Tr. 144.

{¶ 14}   Prior to giving the case to the jury, the judge read the following instructions:

> Court: Mr. Jacovetty * * * claims that he sustained osteoarthritis of the first CMC joint of the right thumb while in the course of his employment by way of either direct causation or by substantial aggravation of a preexisting condition.
>
> Browning Ferris Industries of Ohio does not feel that Mr. Jacovetty sustained osteoarthritis of the first CMC joint of the right thumb while in the course of his employment by either direct causation or by substantial aggravation of a preexisting condition.
>
> The disputed issue for you to decide is did the Plaintiff sustain osteoarthritis of the first CMC joint of the right thumb while in the course of his employment by way of either direct causation or by substantial aggravation of a preexisting condition.

Tr. 93-94.

{¶ 15}   The parties agreed to the jury instructions.  Neither party objected to the instructions, the verdict forms, nor the verdicts while the jury was still empaneled.

{¶ 16}   Clearly it was the intent of the jury to find that Jacovetty had a right to participate in the workers' compensation fund.  This was the sole issue before the common pleas court.  In an attempt to void the favorable verdicts, BFI untimely raised the issue of conflicting verdicts.  The common pleas court decides whether the claimant has a right to participate in the workers' compensation fund for a

specific injury, not for a specific type of causation. *Starkey*, 130 Ohio St.3d 114, 2011-Ohio-3278, 956 N.E.2d 267, at ¶ 19. "Any issue other than whether the injury, disease, or death resulted from employment does not constitute a right-to-participate issue." *Raymond v. Shaker Produce, Inc.,* 8th Dist. Cuyahoga Nos. 84885 and 85391, 2005-Ohio-1670, ¶ 9; citing *Liposchak*, 90 Ohio St.3d at 280, 737 N.E.2d 519. Both verdicts addressed Jacovetty's right to participate. Therefore, the verdicts were not contrary to law. We find the trial court erred in granting BFI's motion for new trial.

## BFI Waived Any Inconsistencies in the Verdict

{¶ 17} Jacovetty's third and fourth issues are combined and will be addressed together:

> Issue Three: When a party claims that jury verdicts are inconsistent, they must raise their objections before the jury is dismissed. Defendant-Appellee did not raise their objection until after the Trial Court dismissed the jury. Did the Trial Court err in hearing Defendant-Appellee's untimely and improperly made objection?

> Issue Four: Ohio law allows a claimant to present alternative causation theories. Can a jury find that a worker's compensation claimant's employment could have, by the greater weight of evidence, directly caused his injury or — alternatively — substantially aggravated a preexisting injury?

{¶ 18} It is clear the parties intended to have the jury determine whether the osteoarthritis was directly caused by the workplace or whether it was a preexisting condition aggravated by the workplace. The jury instructions reflected that intention, but the verdict forms did not. BFI agreed to the instructions. BFI failed to object to the verdict forms. Further, it objected to the verdicts after the jury was

discharged. Consequently, any alleged inconsistency in the jury's findings with respect to causation was waived by BFI's failure to timely object.

{¶ 19} Where alleged inconsistencies between general verdicts are apparent before the jury is discharged, the inconsistency is waived unless either party raises an objection prior to the jury's discharge. *O'Donnell v. Northeast Ohio Neighborhood Health Servs., Inc.,* 8th Dist. Cuyahoga No. 108541, 2020-Ohio-1609, ¶ 76, citing *Roberts v. Mike's Trucking, Ltd.*, 2014-Ohio-766, 9 N.E.3d 483, ¶ 37 (12th Dist.). The rationale is clear. When a party makes a prompt objection:

> A trial court has a number of options at its disposal at that time, including the option of allowing the jury to deliberate further to clear up any ambiguities that may have arisen. However, if the objection is allowed after the jury is dismissed, the party has *unnecessarily limited the court's options.* "If such tactically placed objections were allowed, parties could circumvent the jury if they felt that the jury would not return a favorable verdict." *Romp v. Haig,* 110 Ohio App.3d 643, 647, 675 N.E.2d 10 (9th Dist. 1995). *Alliance Excavating, Inc. v. Triangle Real Estate Servs., Inc.*, 10th Dist. Franklin No. 08AP-535, 2009-Ohio-2761, ¶ 10. (Emphasis added.) (*See also Arrow Machine Co., Ltd. v. Array Connector Corp.*, 197 Ohio App.3d 598, 2011-Ohio-6513, 968 N.E.2d 515, ¶ 54 (11th Dist.).

{¶ 20} BFI cannot sit quietly while its concern could have been addressed before the jury was discharged. A new jury is not the answer to an unresolved dilemma created by a party's silence during a pending trial. The trial court's decision would wrongfully give BFI a second bite at the apple. The question of causation could have been easily addressed by the jury before it was excused.

{¶ 21} BFI, citing to *Krischbaum v. Dillon*, 58 Ohio St.3d 58, 61, 567 N.E.2d 1291 (1991), argued that they adequately preserved an objection to the verdict where

the trial court was apprised of the correct standard of law.  We disagree.   Since BFI failed to object to the verdict forms and the verdicts, BFI waived any error.  Therefore, the trial court erred as a matter of law in granting BFI's request for a new trial.

## Sua Sponte Special Interrogatories are not Mandated

{¶ 22}   In his second issue, Jacovetty argued:

Issue Two:  Ohio courts have refused to set aside a verdict for being inconsistent when the parties did not give special interrogatories to the jury.  Did the Trial Court err in vacating the verdicts when special interrogatories were not given to the jury?

{¶ 23}   We disagree with Jacovetty's contention.  The trial court had no duty to issue special interrogatories.  If Jacovetty believed interrogatories were necessary, then Jacovetty should have produced them.  Jacovetty cannot transfer that duty to the trial court.

{¶ 24}   Civ.R. 49 requires a court to present properly submitted and appropriate interrogatories to the jury.  *Vanadia v. Hansen Restoration, Inc.,* 8th Dist. Cuyahoga No. 101033, 2014-Ohio-4092, ¶ 12.  "This rule puts the onus on the parties to submit proper jury interrogatories to the trial court."  *Id.*

{¶ 25}   The trial court therefore did not err by failing to give special interrogatories to the jury.

## The Two-Issue Rule did not Apply

Issue Five:   Under the two-issue rule, when a jury verdict reflects two or more issues, an error on one issue will be disregarded when the other issue can independently support the verdict.  Does the two-issue rule

make any error of inconsistent verdicts harmless when there is evidence supporting Plaintiff-Appellant's alternate causation theories?

{¶ 26} Finally, Jacovetty argued that the two-issue rule would have operated such that any error in the verdicts should have been resolved in his favor. The two-issue rule has been defined as follows:

> When there are two causes of actions or two defenses, thereby raising separate and distinct issues, and a general verdict has been returned, and the mental processes of the jury have not been tested by special interrogatories to indicate which of the issues was resolved in favor of the successful party, it will be presumed that all issues were so determined; and that, where a single determinative issue has been tried or, error in presenting another issue will be disregarded.

*Brown v. Gen. Motors Corp.*, 38 Ohio St.2d 286, 286, 313 N.E.2d 383 (1974).

{¶ 27} The two-issue rule does not apply. The Ohio Supreme Court found that the two-issue rule only applied when there were two distinct issues. *Id.* The court held that the two-issue rule does not apply to workers' compensation cases because there is only a single issue, i.e., whether a claimant is entitled to receive workers' compensation benefits. *Id.* at 289.

## Conclusion

{¶ 28} The trial court erred as a matter of law when it granted BFI's motion for a new trial. The sole issue to be determined was whether Jacovetty had a right to participate in the workers' compensation fund. The jury's verdicts unequivocally answered that question. The purpose of a new trial would be to correct an error of law. There was no error. In this case, a new trial would put Jacovetty unnecessarily through a trial on an issue that has already been decided.

**{¶ 29}** For the foregoing reasons, we reverse the trial court's decision and remand for the trial court to reinstate the verdicts in favor of Jacovetty.

**{¶ 30}** Judgment reversed.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EMANUELLA D. GROVES, JUDGE

ANITA LASTER MAYS, P.J., and
LARRY A. JONES, SR., J., CONCUR